Mattei & Co., Inc., querellante y apelante, *v.* Joaquín Maldonado, querellado y apelado.

Núm. 9749.—*Sometido:* Noviembre 7, 1949. *Resuelto:* Noviembre 9, 1949.

*Alfonso Miranda Esteve* y *R. Martínez Álvarez, Jr.,* abogados del apelante; *C. Andréu Ribas,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

En 17 de abril de 1947 los aquí litigantes suscribieron un contrato de venta condicional en relación con una *barra* o refrigeradora eléctrica marca Fogel de seis pies, color rojo, con un compresor Coplematic de $\frac{1}{4}$ de caballo de fuerza, obligándose el querellado a pagar el precio a la querellante en la siguiente forma: $200 en efectivo más $100 que se le acreditaron por un tanque Blue Flash que entregó al otorgarse el contrato, y el resto en doce plazos mensuales de $45.42. Tres meses más tarde la querellante Mattei & Compañía, Inc., radicó ante el Tribunal de Distrito de San Juan una declaración jurada haciendo constar el otorgamiento del anterior contrato y que el querellado estaba en posesión de la citada barra y había dejado de pagar los plazos vencidos en los meses de mayo, junio y julio, así como todos los demás, hasta extinguir el monto de la deuda. Hizo constar además que prestaba la declaración de buena fe y que acompañaba a la misma copia del contrato de venta condicional, con nota de su inscripción en el Registro de Ventas Condicionales. Contestó por escrito el querellado admitiendo que la quere-

llante es dueña de la referida barra, negando haber comprado la misma y que el mueble que le fuera entregado fuera el mismo que se le vendió bajo el contrato de venta condicional. Alegó además, que contrario a lo pactado Mattei & Compañía, Inc. le instaló una barra abollada y de precio distinto al convenido, así como que él protestó de ello y la querellante le hizo saber que le rebajaría la suma de $100 del precio convenido.

Celebrada la audiencia de rigor y luego de oír prueba testifical y documental, el tribunal a quo dictó sentencia declarando sin lugar la ''demanda'', e imponiendo las costas a la querellante, más $75 por concepto de honorarios de abogado. Ésta apeló de esa sentencia y alega entre otras cosas que el tribunal inferior erró al sostener que por el hecho de que el mueble objeto del contrato fuera entregado abollado no podía la vendedora entablar el procedimiento de restitución y entrega de bienes muebles. Le asiste en ello la razón.

Dispone, en síntesis, el artículo 6 de la Ley 61 de 13 de abril de 1916 (pág. 126) según fué enmendado por la núm. 40 de 27 de junio de 1925 (pág. 247) que siempre que se vendan efectos bajo condición de que el título de los mismos será retenido por el vendedor hasta que se verifique el pago del precio, los mismos podrán ser recuperados por el vendedor al faltarse al cumplimiento de las condiciones de venta; que en dicho caso los bienes serán retenidos por el vendedor por un período de treinta días contados desde la fecha en que se hubieran recuperado, pudiendo el comprador dar cumplimiento durante dicho período a los términos del contrato y recibir subsiguientemente los bienes; que después de expirado el referido plazo, si el comprador no diere cumplimiento al contrato, el vendedor podrá hacer vender los artículos en pública subasta y si los mismos no son vendidos dentro de los treinta días subsiguientes, el comprador podrá recuperar del vendedor la cantidad pagada a cuenta, menos un cargo ra-

zonable por el uso de los artículos. Provee, además, que para que el vendedor condicional pueda recuperar los bienes objeto del contrato de venta condicional, deberá presentar ante la corte correspondiente una declaración escrita y jurada haciendo constar que el comprador no ha cumplido los términos del contrato y que la reclamación se hace de buena fe, acompañando a la misma copia del contrato con nota de su inscripción. Asimismo, que al recibir la declaración jurada y la copia del contrato, el juez citará a las partes para una audiencia que tendrá lugar dentro de los diez días siguientes y que "si estimare que no se ha cumplido la condición por el comprador, dictará una orden disponiendo que el márshal se incaute de los bienes reclamados, los cuales bienes el márshal los entregará al vendedor condicional sujetos a las disposiciones de esta ley."

Amparándose sin duda en las anteriores disposiciones fué que la querellante radicó la declaración jurada a que hemos hecho mención. La prueba documental a que alude la corte inferior en su relación del caso y opinión no ha sido elevada, no pudiendo por ende ser considerada por nosotros. La testifical tiende a demostrar, de una parte, que antes de suscribirse el contrato un empleado de la querellante mostró al querellado un catálogo en que aparece una barra similar a la que fué objeto del mismo, así como que el comprador se trasladó más tarde al establecimiento de la querellante y se le mostró una barra idéntica a la descrita en el catálogo, pero que la que se le sirvió fué una que, aunque semejante a la del catálogo y a la mostrádale, tenía cierto número de abolladuras; que si bien el comprador suscribió personalmente el contrato de venta condicional, no se encontraba sin embargo en su establecimiento al ser la barra entregada; que cuando regresó a su negocio y notó las abolladuras él se trasladó prontamente al establecimiento de la querellante y allí se le dijo que se le haría una rebaja de $1.00 en el precio, y tal promesa no se ha cumplido. La de la querellante tendió a demostrar, por otra parte, no sólo la venta

y entrega de la barra objeto del contrato celebrado entre las partes, si que también que el querellado no había dado cumplimiento a los términos del contrato, que el precio de barras como la entregada al querellado era $900, y que a la vendida a éste se le fijó un precio de $800 debido, precisamente, a las abolladuras, cobrándose los $45.04 restantes por concepto de intereses.

El tribunal inferior no dió crédito a la anterior aserción de la querellante y si bien concluyó que de acuerdo con la prueba el querellado no había cumplido con las condiciones del contrato de venta, indicó, no obstante, que cuando el comprador no cumple con el contrato porque se le entrega un artículo que no está en las condiciones de aquel que fué objeto del contrato de venta condicional, entonces el vendedor no puede exigir su cumplimiento, ya que ha sido el vendedor mismo quien ha violado el contrato. Basado en ése y en otros razonamientos, declaró sin lugar, conforme hemos indicado, la solicitud de reposesión instada por la querellante.

Existe conflicto en la jurisprudencia respecto a si en acción entablada por el vendedor para recuperar la posesión de un bien mueble vendido en venta condicional, por haber habido un incumplimiento del contrato por el comprador, debe permitirse a éste plantear la defensa de que existen vicios o defectos aparentes u ocultos en la cosa, o el incumplimiento del contrato (*breach of warranty*) por parte del vendedor. *Uniform Laws Annotated,* vol. 2A págs. 138, 142; Id. vol. 2, *Cumulative Annual Pocket Part,* año 1948, pág. 18; *Mills Novelty Co.* v. *Transeau,* (Del., 1937), 196 Atl. 187 y casos en él citados; 7 A.L.R. 990; 48 A.L.R. 970; 130 A.L.R. 753; 47 Am. Jur. 95, sección 888. La cuestión específica no ha sido resuelta por esta Corte. Nada dice nuestra Ley de Ventas Condicionales (núm. 61 de 1916) respecto a si dentro del procedimiento de reposesión a que ya hemos hecho referencia, puede dilucidarse o no semejante defensa. Empero, si se sostuviera que por ser el procedimiento de re-

posesión uno especial y sumario al plantearse una defensa como la suscitada por el comprador en este caso debe declararse sin lugar la solicitud de reposesión, muy poco o nada se adelantaría con ello. Una resolución en tal sentido dejaría a las partes en la misma situación en que se hallaban antes de radicarse la declaración jurada con que a virtud del artículo 6 se inicia el procedimiento de reposesión y les obligaría a entablar uno o más pleitos independientes para dirimir cualesquiera conflictos existentes entre ellos. Nos parece, en su consecuencia, que toda vez que las partes se encuentran ante el tribunal y éste tiene jurisdicción sobre ellas y sobre la materia y que puesto que se le da a éstas oportunidad para comparecer y ser oídas en torno de sus respectivas reclamaciones o derechos, la mejor práctica debe ser determinar dentro del procedimiento mismo de reposesión tales reclamaciones o derechos, más bien que circunscribirse al hecho escueto de si ha habido o no un incumplimiento del contrato de venta condicional por parte del comprador y por ende de si procede o no la reposesión solicitada.

En *Smallwood* v. *Corte,* 50 D.P.R. 634, en que en un procedimiento similar de reposesión estaban envueltos los derechos de terceras personas este Tribunal llegó a una conclusión similar a la anterior. En dicho caso *Smallwood Brothers* presentó ante la Corte de Distrito de San Juan la correspondiente declaración jurada tratando de recobrar de Wilfredo Norat un automóvil Ford vendido mediante contrato de venta condicional, por no haber éste dado cumplimiento a sus términos. Durante la vista señalada compareció Alberto Biascoechea alegando tener interés en la controversia por haber embargado el automóvil objeto del litigio en pleito independiente seguido por él contra Carolina Bus Line, Inc., la que adquirió el automóvil por compra a Norat. Biascoechea sostenía que la corte inferior no podía resolver sobre los derechos de todas las partes interesadas en el automóvil dentro del procedimiento iniciado por Smallwood para

recuperar la posesión, y que tal resolución podía dictarse solamente dentro de un juicio plenario sobre tercería. Al decidir la cuestión así planteádale, este Tribunal se expresó del siguiente modo a las páginas 639 y 641:

"No podemos aceptar la teoría aducida por la representación del señor Biascoechea y adoptada por la corte inferior, de que el vendedor condicional esté obligado, para hacer valer sus derechos como tal, a recurrir a un juicio plenario sobre tercería. Su aceptación equivaldría a destruir por completo el efecto y propósito fundamental de la Ley de Ventas Condicionales, que es el de dar al vendedor condicional garantía y protección contra el posible fraude de un comprador y un remedio legal rápido y adecuado para poder recuperar sumariamente la posesión de la propiedad, sobre la cual se ha reservado expresamente ese derecho . . .

"  *        *        *        *        *        *        *

"La corte de distrito ha podido y ha debido resolver la controversia entre Smallwood Brothers, como vendedor, Wilfredo Norat, como comprador condicional, Carolina Bus Line, Inc., como comprador subsiguiente, y Alberto Biascoechea, como embargante de un carro vendido condicionalmente, dentro del procedimiento especial de reposesión iniciado por el vendedor condicional, citando a todas las partes interesadas para una audiencia que debería celebrarse dentro de los diez días siguientes a la fecha de la citación."

Véase también *León* v. *Corte,* 52 D.P.R. 892, 896.

Creemos en verdad que a los fines de acelerar los procedimientos y de evitar multiplicidad de pleitos es preferible que cuestiones como la aquí planteada se discutan y resuelvan dentro del procedimiento de reposesión, dando a las partes, por supuesto, plena oportunidad para debatir la controversia y para aducir la prueba pertinente que a bien tuvieren en apoyo de sus respectivas pretensiones.

Dada la conclusión a que hemos llegado, al devolverse el caso a la corte inferior ésta ordenará la reposesión a la querellante de la barra Fogel objeto del recurso. Una vez hecho esto dicha corte determinará la reducción que habrá de hacerse en el precio de la barra por razón de las abolladuras que la misma tenía al ser entregada, debiendo enton-

ces seguirse el procedimiento claro y terminante prescrito por los artículos 6 y siguientes de la Ley de Ventas Condicionales, supra.

*La sentencia apelada debe ser revocada y devolverse el caso al tribunal inferior para ulteriores procedimientos no inconsistentes con esta opinión.*