GILBERTO ISAAC SÁNCHEZ, demandante y recurrente, *v.* UNIVERSAL C.I.T. CREDIT CORPORATION OF AMERICA, demandada y recurrida.

Número: R-62-271     Resuelto: 27 de octubre de 1967

*Nachman and Feldstein* y *Miguel Matos Colón,* abogados del recurrente; *Benicio Sánchez Rivera, Gustavo Adolfo del Toro Bermúdez* y *Ana R. Rodríguez Olazagasti,* abogados de la recurrida.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

■ Reposeído un vehículo de motor por falta de pago de unas mensualidades de acuerdo con un contrato de venta condicional y vendido el vehículo en pública subasta luego de seguido el trámite normal de tal procedimiento, sin que el dueño del vehículo compareciese en el mismo luego de recibir del alguacil que embargó el vehículo la documentación necesaria para quedar enterado de la existencia del procedimiento de reposesión y sin que radicase alegación alguna en su defensa o en oposición a la pretensión de su acreedor, ¿puede aquél demandar a éste en daños y perjuicios por el fundamento de que la reposesión fue ilegal ya que el demandante estaba al día en sus pagos bajo el referido contrato de venta condicional?

El tribunal de instancia no "incurrió" en error al concluir que la sentencia en el caso de reposesión constituye un impedimento colateral para el dueño del vehículo en este caso y por lo tanto al declarar con lugar la excepción de cosa juzgada.

En sus conclusiones de hecho y de derecho el juez de instancia determinó que:

"La demanda radicada en este caso alega dos causas de acción. Por la primera causa de acción se reclaman daños y perjuicios por la supuesta actuación ilegal de la demandada al iniciar ésta al amparo de la Ley 61 de 13 de abril de 1916, según enmendada, un procedimiento de reposesión ante el Tribunal de Distrito de Puerto Rico, Sala de San Juan, con el propósito de obtener, como obtuvo, la reposesión de un automóvil Ford, modelo 1958, motor C-8-E-X-184403 que se encontraba para aquella fecha en la posesión del aquí demandante por haber adquirido éste bajo los términos, condiciones y cláusulas de un contrato de venta condicional del cual era cesionaria la aquí demandada Universal C.I.T. Credit Corp. of Puerto Rico. Sigue alegando el demandante que en dicho procedimiento de reposesión y como causa o razón para iniciar el mismo la querellante y aquí demandada alegó el incumplimiento del contrato por el aquí demandante Gilberto Isaac Sánchez, consistente dicho incumplimiento en la falta de pago de los pagarés correspondientes a los

meses de marzo y abril de 1962. Que las alegaciones hechas en dicho procedimiento de reposesión por la aquí demandada eran falsas ya que para la fecha en que se inició el mismo el demandante Gilberto Isaac Sánchez no debía dinero alguno a la Universal C.I.T. Credit Corporation, ni tampoco estaba atrasado en los pagos mensuales que de acuerdo con el contrato venía obligado a hacer.

Como segunda causa de acción alega que en el momento en que el alguacil del Tribunal de Distrito de Puerto Rico tomó posesión del vehículo antes descrito, se encontraba depositada en el mismo una caja de herramientas valorada en cien dólares ($100.00), propiedad del Sr. José E. Velázquez y la cual estaba siendo transportada mediante paga por el aquí demandante. Que a pesar de sus reclamaciones, ni el alguacil ni la demandada accedieron a devolverle dicha caja de herramientas por lo que se vio obligado a pagarle a su legítimo dueño el valor de la misma.

De la evidencia que desfiló se infiere que dentro del procedimiento de reposesión la Universal C.I.T. Credit Corp. solicitó y obtuvo una orden para asegurar la efectividad de la sentencia. En cumplimiento de dicha orden el alguacil procedió a embargar el automóvil que era objeto del procedimiento de reposesión. Al tomar posesión del carro el alguacil entregó al aquí demandante toda la documentación necesaria para que éste quedase debidamente enterado de la existencia del procedimiento de reposesión y del embargo que allí se estaba practicando. El Sr. Gilberto Isaac Sánchez llevó los documentos que le entregó el alguacil a su abogado, Lcdo. Román Santos Isaac pero por diversas razones ni él ni su abogado comparecieron al Tribunal de Distrito a alegar lo que a su derecho conviniese. En vista de ello el procedimiento de reposesión siguió su trámite normal vendiéndose oportunamente el automóvil objeto del mismo en pública subasta.

En nuestra opinión entre la primera causa de acción alegada en la demanda y el procedimiento de revisión [*sic*] que se llevó a cabo ante el Tribunal de Distrito existe la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad en que lo fueron. En el Tribunal de Distrito se litigó el incumplimiento del contrato de venta condicional por falta de

pago de las mensualidades vencidas por parte del aquí demandante. En el caso ante nuestra consideración, la primera causa de acción descansa en la alegación de que la demanda le causó daños al aquí demandante al iniciar el procedimiento de reposesión en el Tribunal de Distrito alegando falta de pago de su parte cuando en realidad nada le debía a la Universal C.I.T. Credit Corporation of Puerto Rico. El hecho de si debía o no algún plazo a la demandada fue adjudicado por el Tribunal de Distrito. El demandante tuvo su día en Corte, si no quiso aprovecharlo, suya es la culpa. La sentencia del Tribunal de Distrito constituye ahora para él un estoppel colateral y es concluyente en cuanto a aquellas materias que de hecho se suscitaron y verdaderamente o por necesidad, se litigaron o adjudicaron. *Tartak* vs. *Tribunal de Distrito,* 74 DPR 862. El demandante hace énfasis en la sentencia del Hon. Tribunal Supremo de Puerto Rico en el caso de Anacleto Millán Soto vs. Caribe Motors Corp., sentencia de 19 de septiembre de 1961. En nuestra opinión los hechos de ambos casos son tan diferentes que la doctrina allí establecida no le es aplicable al caso que nos ocupa."

En apoyo del presente recurso de revisión, apunta el recurrente que:

(1) La acción de daños y perjuicios fue radicada dentro de los 11 días de haberse dictado la orden de restitución en el procedimiento de reposesión, es decir, cuando dicha orden aún no era firme.

Para impugnar dicha orden pudo el recurrente recurrir al tribunal que la emitió o en alzada al Tribunal Superior. Sin embargo, prefirió hacerlo mediante la radicación de una acción separada e independiente en apoyo de lo cual cita a *Millán* v. *Caribe Motors Corp.*, 83 D.P.R. 494 (1961), porque en este caso la acción de rescisión del contrato de venta condicional y de daños y perjuicios que sostuvimos fue radicada a los dos días de dictada la orden de restitución en el procedimiento de reposesión.

La razón para confirmar la sentencia en *Millán,* supra, no fue como parece indicar el recurrente, que la acción de rescisión se radicó dentro del término para apelar de la

orden de restitución. El fundamento de ese dictamen fue que la referida orden de restitución no constituyó cosa juzgada frente a una demanda basada en el dolo y en la nulidad del contrato de venta condicional. Añadimos que "Debido a la naturaleza antes dicha de este procedimiento [el de resposesión] no podemos exigir de manera inflexible que se litiguen en él otras causas de acción ajenas a la reposesión. Las circunstancias de un caso como éste en que además de existir defectos formales fatales en el contrato—por ir contra la ley expresa fundada en motivos de orden público—concurre también el elemento del dolo, justifican apartarse, por excepción, de la norma general del caso de *Mattei*, supra." (*Mattei & Co.* v. *Maldonado*, 70 D.P.R. 468 (1949).)

En el caso ante nos, el fundamento de la acción de daños y perjuicios fue que la reposesión basada en falta de pago era nula porque en el momento de hacerse el deudor estaba al día en sus pagos. Esta cuestión fue litigada en el procedimiento de reposesión y como dijo el juez sentenciador "El hecho de si debía o no algún plazo a la demandada fue adjudicado por el Tribunal de Distrito." ([1])

2, 3, 4, 6 y 7.—Señala el recurrente que el tribunal de instancia aplicó erróneamente las doctrinas de cosa juzgada y de impedimento colateral por sentencia. En apoyo de estos apuntamientos arguye que:

(a) la orden de restitución participa de la naturaleza de una orden interlocutoria. Como fue dictada en rebeldía, no desfiló prueba ni la orden tiene conclusiones de hecho ni determinaciones de derecho que pueden dar base a considerarla una sentencia que impida una acción posterior en los méritos en otra causa de acción diferente.

(b) la orden de restitución no era final cuando se inició la acción de daños y perjuicios.

---

([1]) Como cuestión de hecho la prueba demuestra que en el momento de iniciarse el procedimiento de reposesión el recurrente estaba atrasado en sus pagos bajo el contrato de venta condicional.

(c) el tribunal sentenciador no tuvo ante sí prueba afirmativa de la sentencia anterior. Sólo tuvo las alegaciones y la admisión del recurrente al efecto de que hubo una orden de restitución.

◼ Ninguno de estos argumentos tiene fundamento. En *Chase National Bank* v. *Colón*, 56 D.P.R. 297 (1940), resolvimos que la orden de restitución en procedimientos de reposesión es una sentencia y se puede recurrir de la misma ante un tribunal más alto. Puede invocarse como cosa juzgada una sentencia anterior aunque dictada en rebeldía siempre que exista identidad de partes, representación, cosa y causa, y que el tribunal que la dictó haya actuado con jurisdicción. *Sucn. Zayas Berríos* v. *Berríos*, 90 D.P.R. 551 (1964); *Bolker* v. *Tribunal Superior*, 82 D.P.R. 816 (1961).

Con respecto a la prueba de la orden de restitución, el récord demuestra que la recurrida ofreció copia certificada de la misma y de los procedimientos de reposesión y que el recurrente aceptó la existencia de tal proceso entre las mismas partes y que hubo la reposesión por falta de pago y que el recurrente no compareció a la misma anotándose su rebeldía.

Por lo tanto, concluimos que el tribunal de instancia no incurrió en los referidos errores.

◼ 5, 8, 10 y 11.—Apunta el recurrente que incidió el tribunal de instancia al no considerar enmendadas las alegaciones por la prueba. Se basa en un incidente ocurrido mientras testificaba el Sr. Ruiz Pastrana.

Arguye que la prueba fue al efecto de que el contrato de refinanciamiento (el contrato de venta condicional original proveía pagos mensuales de $152.35; luego de haber hecho el recurrente diez pagos, logró que le sustituyeran ese contrato por otro de manera que la deuda se pagase en 20 plazos mensuales de $115.98 cada uno, pagadero el pri-

mero en septiembre 30 de 1959—este último contrato es el que dio base al procedimiento de reposesión) es nulo o anulable por haberse hecho cargos usurarios y haberse consumado en forma contraria a la Ley de Ventas Condicionales, pues al extender el vencimiento de la deuda no acreditó a la cuenta el primer pago hecho en 31 de agosto de 1959 al refinanciarse el balance de la deuda original.

El récord no demuestra que (1) el recurrente hiciese planteamiento alguno ante el tribunal de instancia basado en los alegados cobros usurarios; (2) ni que solicitase enmiendas a las alegaciones para conformarla con la indicada prueba; (3) ni que los cargos alegados fuesen en efecto usurarios y que hubiesen sido pagados por el recurrente.

El único incidente que aparece del récord con respecto a enmienda de las alegaciones para conformarlas a la prueba surgió en el curso del contrainterrogatorio del supervisor de crédito de la recurrida, Sr. Ruiz Pastrana, cuando se le preguntó en cuánto se vendió el vehículo en pública subasta. Al objetarse la pregunta por irrelevante manifestó el recurrente que el propósito de la misma era el siguiente:

". . . Aquí se inició una acción ilegal, todo el transcurso de la acción fue ilegal, aun en la subasta, el demandante no recibió notificación, un vehículo valorado en aproximadamente tres mil dólares se vendió en cuatrocientos y pico o trescientos y pico y alegadamente no se sabe cómo fue, porque el demandante nunca fue notificado, no ha recibido ninguna cantidad sobrante del valor de ese vehículo. Nosotros entendemos, respetuosamente que lo que se inició por un error continuó hasta su terminación por un error."

Luego volvió a surgir la misma cuestión al preguntar el recurrente a dicho testigo sobre la persona que compareció a la subasta del vehículo. Pidió el recurrente que se diese por enmendada la demanda a base de la prueba presentada para en efecto adicionar una causa de acción basada en que el

procedimiento seguido en el proceso de reposesión fue nulo. (²) Pero el recurrente no ofreció prueba sobre este particular, ni aparece tal prueba en el récord.

Durante el curso de este incidente arguyó el recurrente que el haber procedido a reposeer el vehículo debido a la falta de pago de dos mensualidades cuando en realidad se debía una, de acuerdo con el testimonio del referido supervisor de crédito, "hizo la reposesión ilegal"; que el procedimiento de reposesión es de naturaleza sumaria y por lo tanto debe interpretarse restrictivamente; que este procedimiento "debe estar condicionado a que las alegaciones en la simple querella, que sustituye a la demanda ordinaria, sean estrictamente correctas"; que "la situación de derecho es similar al requisito de exactitud en los procedimientos ejecutivos sumarios hipotecarios"; que tal situación perjudicó grandemente al recurrente pues al ejercitar su derecho de recuperar el vehículo se le exigía $115.98 en exceso de lo que adeudaba.

En primer lugar, no hubo prueba de tal perjuicio. El recurrente no intervino, como pudo hacerlo, ni realizó gestión alguna en defensa de sus derechos, en el procedimiento de reposesión. Dejó que dicho proceso culminase en la orden de restitución y venta del vehículo.

■ Por otra parte, el procedimiento de reposesión no puede equipararse al procedimiento sumarísimo hipotecario al extremo de exigir en aquél el requisito de ajustarse de modo riguroso a los requisitos y trámite del procedimiento. El procedimiento de reposesión, aunque de naturaleza sumaria, no impide que el deudor comparezca en el mismo y aduzca lo que en derecho proceda. En *Mattei & Co.* v. *Maldonado*, supra, al permitir al deudor plantear la defensa de vicio oculto en un procedimiento de reposesión, dijimos que:

---

(²) A los fines de enmendar una demanda para conformarla con la prueba, véase la Regla 13.2 de las de Procedimiento Civil. *Sucn. Zayas Berríos* v. *Berríos,* supra; *Alvarado* v. *Bonilla,* 86 D.P.R. 490, 502 (1962); *Piovanetti* v. *Vivaldi,* 80 D.P.R. 108, 121 (1957).

". . . toda vez que las partes se encuentran ante el tribunal y éste tiene jurisdicción sobre ellas y sobre la materia y que puesto que se le da a éstas oportunidad para comparecer y ser oídas en torno de sus respectivas reclamaciones o derechos, la mejor práctica debe ser determinar dentro del procedimiento mismo de reposesión tales reclamaciones o derechos, más bien que circunscribirse al hecho escueto de si ha habido o no un incumplimiento del contrato de venta condicional por parte del comprador y por ende de si procede o no la reposesión solicitada."

■ Dijimos en *Millán*, supra, que nuestro dictamen en el mismo constituye una excepción de la norma general de *Mattei*, supra. Tanto la defensa de pagos usurarios como la de que no se siguió correctamente el procedimiento de reposesión prescrito por la ley (10 L.P.R.A. sec. 36), pudieron aducirse y litigarse en dicho procedimiento y, por lo tanto, es aplicable la doctrina de *Mattei*, supra. No existe justificación para que estas defensas sirvan de base para una acción posterior de nulidad, apartándolas así de la norma general que establecimos en *Mattei*, supra, pues estas causas de acción no son ajenas a la reposesión y por su naturaleza y circunstancias son completamente distintas a aquellas que justificaron la excepción de dicha norma que hicimos en *Millán*, supra.

Por lo tanto, concluimos que el tribunal de instancia no incurrió en el error imputado.

9.—Apunta el recurrente que incidió el tribunal de instancia al no resolver la moción del recurrente sobre continuación de la vista para presentar nueva evidencia que no había podido ser localizada. No hay mérito en este apuntamiento pues fue la recurrida quien solicitó se dejase el caso abierto para traer "copia de la sentencia en el caso de reposesión así como de los procedimientos en el mismo." Sin embargo, el recurrente aceptó que hubo la reposesión entre las mismas partes; que se anotó en dicho procedimiento la rebeldía del recurrente; que el alguacil hizo entrega a éste de los papeles

del caso, pero nunca compareció y que el fundamento de la reposesión fue la falta de pago.

10.—Arguye el recurrente que el tribunal debe abstenerse de aplicar la doctrina de cosa juzgada en este caso para evitar que quedaran frustrados los fines de la justicia. En apoyo de este apuntamiento, cita a *Riera* v. *Pizá*, 85 D.P.R. 268 (1962).

■ No tiene razón. El recurrente tuvo amplia oportunidad de aducir todas sus defensas en el procedimiento de reposesión y no lo hizo, deslumbrado, posiblemente, por creer que le era más ventajoso económicamente el demandar a la recurrida en daños y perjuicios. En *Riera*, supra, reafirmamos que la doctrina de cosa juzgada impide que se litigue en un pleito una reclamación que pudo haberse litigado y adjudicado en un pleito anterior entre las mismas partes y sobre la misma causa de acción.

*Por las razones expuestas, se confirmará la sentencia dictada en este caso por el Tribunal Superior, Sala de San Juan, en 2 de octubre de 1962.*

El Juez Presidente Señor Luis Negrón Fernández no intervino. El Juez Asociado Señor Belaval disintió. El Juez Asociado Señor Santana Becerra concurre sólo en el resultado.

—O—

Opinión Disidente del Juez Asociado Señor Belaval

San Juan, Puerto Rico, a 27 de octubre de 1967

Se trata de una demanda de daños y perjuicios por la reposesión ilegal de un bien mueble del cual se incautó la demandada recurrida, mediante un procedimiento de Reclamación y Entrega de Bienes Muebles, en cuyo procedimiento se alegaba la falta de pago de dos de los plazos convenidos en el contrato de venta condicional, cuando en realidad de verdad, dichos plazos habían sido pagados por el demandante recurrente.

La razón de la ilustrada Sala sentenciadora para desestimar la primera causa de acción de la demanda fue la siguiente: "De la evidencia que desfiló se infiere que dentro del procedimiento de reposesión la Universal C.I.T. Corp., solicitó y obtuvo una orden para asegurar la efectividad de la sentencia. En cumplimiento de dicha orden el alguacil procedió a embargar el automóvil que era objeto del procedimiento de reposesión. Al tomar posesión del carro el alguacil entregó al aquí demandante toda la documentación necesaria para que éste quedase debidamente enterado de la existencia del procedimiento de reposesión y del embargo que allí se estaba practicando. El Sr. Gilberto Isaac Sánchez llevó los documentos que le entregó el alguacil a su abogado Lcdo. Ramón Santos Isaac pero por diversas razones ni él ni su abogado comparecieron al Tribunal de Distrito a alegar lo que a su derecho conviniese. En vista de ello el procedimiento de reposesión siguió su trámite normal vendiéndose oportunamente el automóvil, objeto del mismo, en pública subasta. Es a las alegaciones de esta primera causa de acción que la demandada levanta la excepción de cosa juzgada e impedimento colateral por sentencia. . . . En nuestra opinión entre la primera causa de acción alegada en la demanda y el procedimiento de reposesión que se llevó a cabo ante el Tribunal de Distrito existe la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad en que lo fueron. En el Tribunal de Distrito se litigó el incumplimiento del contrato de venta condicional por falta de pago de las mensualidades vencidas por parte del aquí demandante. En el caso ante nuestra consideración, la primera causa de acción descansa en la alegación de que la demandada le causó daños al aquí demandante al iniciar el procedimiento de reposesión en el Tribunal de Distrito alegando falta de pago de su parte cuando en realidad nada le debía a la Universal C.I.T. Credit Corporation of Puerto Rico. El hecho de si debía o no algún plazo a la demandada fue adjudicado por el

Tribunal de Distrito. El demandante tuvo su día en corte; si no quiso aprovecharlo, suya es la culpa. La sentencia del Tribunal de Distrito constituye ahora para él un estoppel colateral y es concluyente en cuanto a aquellas materias que de hecho se suscitaron y verdaderamente o por necesidad; se litigaron o adjudicaron. . . . El demandante hace énfasis en la sentencia del Hon. Tribunal Supremo de Puerto Rico en el caso de *Anacleto Millán Soto* v. *Caribe Motors Corp.*, sentencia de 19 de septiembre de 1961. En nuestra opinión los hechos de ambos casos son tan diferentes que la doctrina allí establecida no le es aplicable al caso que nos ocupa."

Los hechos analógicos del caso de *Millán* v. *Caribe Motors Corp.*, 83 D.P.R. 494 (Rigau) (1961), cita precisa a la pág. 498, son los siguientes: "Compró Millán el camión el 28 de mayo de 1956, por desperfectos mecánicos del mismo lo entregó a la vendedora en agosto de ese año; basándose en atrasos en los pagos de septiembre, octubre y noviembre del mismo año de 1956, la vendedora, teniendo el camión en su poder, radicó acción de reposesión en 7 de diciembre de 1956; en 8 de enero de 1957 se celebró la vista de la reposesión en el Tribunal de Distrito, a la cual no compareció Millán, y ese mismo día el Tribunal de Distrito dictó la orden de restitución; el 10 de enero de 1957 Millán radicó en el Tribunal Superior una demanda contra la Caribe Motors Corporation solicitando la rescisión del contrato y la concesión de daños y perjuicios."

Como se ve la diferencia entre ambas acciones, es que una se basa en un dolo por alegación engañosa, sobre el precio aplazado de la cosa vendida mientras la otra se basa en un vicio oculto de la cosa vendida. Pero en ambas ocasiones, las partes, sin duda impresionadas por nuestra anterior jurisprudencia que cerraba las alegaciones permisibles a la mera mostración de pago o al defecto mecánico, optaron por la acción de nulidad por alegación engañosa con daños y perjuicios y a la acción rescisoria por vicio oculto con daños y perjuicios, y en ambas acciones las defensas de la demandada

fueron cosa juzgada e impedimento colateral por sentencia. Contestando a la propiedad de dichas defensas cuando están referidas a un procedimiento de reposesión de bienes muebles, resolvimos: "La orden de restitución en el procedimiento de reposesión no constituyó cosa juzgada frente a la demanda de Millán en el Tribunal Superior porque se trata de dos causas de acción diferentes. La primera era la causa de acción del vendedor condicional basada en la falta de pago del comprador, mientras que la segunda era la causa de acción del comprador contra el vendedor basada en el dolo y en la nulidad del contrato. Conforme lo dicho en el caso de *Mattei*, supra, la mejor práctica hubiera sido litigarlo todo en el procedimiento de reposesión, pero al no hacerlo así, el demandante Millán no quedó indefenso y podía incoar la acción de nulidad y de daños como lo hizo . . . . Tampoco es de aplicación la doctrina de impedimento colateral por sentencia . . . porque bajo dicha doctrina la sentencia anterior es concluyente solamente en cuanto a aquellas materias que de hecho se suscitaron y verdaderamente o por necesidad se litigaron o adjudicaron, pero no es concluyente en cuanto a aquellas materias que pudieron ser pero no fueron litigadas y adjudicadas en la acción anterior."

Si decidiéramos resolver el dilema judicial que presenta este caso por las simples reglas del juego ordenado y pulcro del procedimiento, quedarían sin resolver los méritos de la cuestión litigiosa. Sería otro caso más resuelto con toda la asepsia de los juicios superficiales pero del cual no nos habríamos enterado siquiera de los hechos jurídicos o de la violación de ley cometida en el mismo. La majestad de la justicia requiere bajar siempre hasta el fondo de las cuestiones litigiosas. Hasta en los procedimientos más cerrados, si de derechos humanos o derechos de propiedad se trata, queda siempre una puerta abierta a las acciones de nulidad para restablecer el equilibrio moral entre la violencia y la juricidad, el bien y el mal, entre la legalidad aparente y la

ventaja indebida. Derecho es lo que no es tuerto, decían los antiguos. Desfacedor de entuertos estamos condenados a ser los jueces ante todo litigio que nos llega, no importa los errores instrumentales que se hayan cometido.

En este caso hay hasta alegaciones de posible usura, el mal por excelencia de nuestro tiempo. Independiente de la causa moral, la confiscación de parte de un fondo monetario a favor del Estado, nos obliga a estudiar todo caso de usura con extremado celo puesto que de los fondos del Estado viven todos los indigentes de la sociedad humana. En cuanto a la segunda causa de acción, relacionada con una caja de herramientas objeto del mismo embargo, nada tenemos que resolver por no haberse solicitado revisión de lo resuelto en la segunda causa de acción. Disiento.