Segarra Olivero, Juez Ponente
*1034 TEXTO COMPLETO DE LA SENTENCIA
BBDO Puerto Rico, Inc., en adelante BBDO, nos solicita la revocación de una sentencia parcial emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, mediante la cual ordenó, entre otros asuntos, la reapertura del pleito sobre incumplimiento contractual instado en su contra por la parte recurrida de epígrafe. 
Por los fundamentos que más adelante exponemos, revocamos la resolución recurrida.
I
En o alrededor de marzo de 1984, el Sr. Betances Gallardo (Gallardo) comenzó a trabajar en calidad de ejecutivo en Gallardo, Córdova & Associates, Inc., empresa doméstica dedicada al negocio de la publicidad, mercadeo y relaciones públicas. El 30 de septiembre de 1989, BBDO adquirió, mediante compra, todas las acciones emitidas y en circulación de Gallardo, Córdova & Associates, Inc. En virtud de la adquisición del ciento por ciento de las acciones de Gallardo & Córdova, ambas quedaron fusionadas en BBDO Puerto Rico, Inc. En esa misma fecha, BBDO y Gallardo otorgaron un contrato de empleo mediante el cual el segundo serviría a BBDO en calidad de ejecutivo hasta el 29 de septiembre de 1994, con un salario anual mínimo de $115,000.00. A mediados de 1991, Gallardo cesó como empleado de BBDO. Al momento del despido faltaban tres (3) años y cinco (5) meses para la terminación del contrato, cuya cláusula ocho (8) disponía que BBDO sólo podría despedir a Gallardo por justa causa.
El 2 de abril de 1992, Gallardo, su esposa Alina Pérez Carvajal y la sociedad legal de gananciales constituida por ambos (en adelante nos referiremos a éstos conjuntamente como la parte recurrida), presentaron una demanda contra BBDO y otros ante el Tribunal de Primera Instancia, Sala Superior de San Juan, por incumplimiento de contrato, interferencia con relaciones comerciales, lucro cesante y daños y perjuicios. A este pleito se le asignó el número KAC92-0422. BBDO contestó la demanda y presentó una reconvención.contra Gallardo. En dicha demanda, la parte recurrida alegó que el contrato laboral con BBDO era uno de término definido. 
Posteriormente, el 22 de febrero de 1993, Gallardo presentó en el Tribunal de Primera Instancia, Sala Superior de Bayamón, una querella por despido injustificado contra BBDO al amparo de la Ley Núm. 80 de 23 de mayo de 1976, 29 L.P.R.A. sees. 185 y ss., en adelante Ley Núm. 80, y del procedimiento sumario establecido en la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 L.P.R.A. sees. 3118 y ss., por los mismos hechos reseñados en la demanda sobre incumplimiento de contrato. A dicho pleito, se le asignó el número DAC93-0085. En la mencionada querella, Gallardo alegó que BBDO lo despidió de su empleo sin justa causa, por lo que tiene derecho a recibir la compensación y la indemnización progresiva por cesantía sin justa causa provista en la Ley Núm. 80, así como una partida para honorarios de abogado. 
El 19 de septiembre de 1993, Gallardo falleció. Se hizo la correspondiente sustitución de partes. A petición de la propia parte recurrida, el procedimiento sobre despido injustificado se convirtió en uno de declaratoria de herederos.
El 21 de septiembre de 1995, el Tribunal de Primera Instancia, Sala Superior de San Juan, dictó una *1035 sentencia enmendada mediante la cual ordenó el archivo sin perjuicio del caso sobre incumplimiento de contrato "hasta tanto el Tribunal Superior, Sala de Bayamón, disponga de la reclamación sumaria".
En abril de 1996, la parte recurrida presentó una moción en la que solicitó el traslado y consolidación del caso de despido injustificado con el de incumplimiento de contrato. El 18 de noviembre de 1996, el Tribunal de Primera Instancia, Sala Superior de San Juan, emitió resolución y orden mediante la cual aceptó el traslado del caso de despido injustificado a dicho Foro, mas no así la consolidación de este pleito con el de incumplimiento de contrato. El Tribunal a quo concluyó que debía finalizarse primero el caso sobre despido injustificado, para luego ordenar la reapertura del pleito sobre incumplimiento de contrato, si fuera procedente. Al pleito número DAC93-0085 se le asignó el número KAC96-0904.
El 10 de junio de 1997, BBDO presentó Moción Solicitando se Dicte Sentencia por las Alegaciones en el caso sobre despido injustificado. El 18 de agosto de 1997, se dictó sentencia por las alegaciones y se condenó a BBDO a pagarle a. la parte recurrida la suma de $28,186.03 por la indemnización solicitada al amparo de la Ley Núm. 80, y el pago de $4,227.00 por concepto de honorarios de abogado. Conforme a dicha sentencia, BBDO consignó dicha suma en el Tribunal. Contra este dictamen no se solicitó reconsideración ni se interpuso recurso de apelación.
Posteriormente, la parte recurrida solicitó la reapertura del caso KAC92-0422 y que se dictara sentencia sumaria parcial a su favor, toda vez que como BBDO había admitido que el despido de Gallardo fue injustificado, antes de que venciera el contrato a término fijo, le correspondía recibir la compensación a la que tenía derecho hasta la fecha de terminación fijada en el contrato de empleo. BBDO se opuso y alegó que el remedio obtenido por Gallardo en el caso por despido injustificado, excluía la causa de acción por incumplimiento de contrato. Señaló que la sentencia dictada en el caso sobre despido injustificado, constituye cosa juzgada en el presente pleito, y levantó las defensas de impedimento colateral y fraccionamiento de causa de acción.
El 10 de agosto de 2001, el Tribunal de Primera Instancia, Sala Superior de San Juan, emitió la resolución recurrida en la que limitó la controversia ante su consideración a "resolver si el remedio obtenido bajo las disposiciones de la Ley Núm. 80 sobre despido injustificado excluye la causa de acción por incumplimiento de contrato, y de no ser tal la situación, determinar si la sentencia dictada en el caso sobre despido injustificado constituye cosa juzgada o una de sus modalidades". El Tribunal recurrido concluyó, en lo pertinente, lo siguiente:

“Somos de la opinión que el caso que nos ocupa, clasifica como una excepción a la exclusividad de remedio de la Ley Núm. 80, específicamente porque el despido del señor Betances Gallardo se hizo con el propósito de frustrar una clara política pública. Ciertamente, entre lo que constituye la política pública, entendemos que la deseabilidad de que los contratantes cumplan con lo pactado en sus contratos, forma parte de la política pública del Estado Libre Asociado de Puerto Rico, ya que esto propende al orden público y convivencia social. ”

Más adelante, sostuvo que:

"Habiendo resuelto que el patrono BBDO Puerto Rico, Inc., despidió injustificadamente al señor Betances Gallardo, entonces se configura el iñcúmplimiento del contrato de empleo. Tal incumplimiento por el patrono, cuando el contrato de servicio es por tiempo determinado, confiere el derecho a iniciar una acción civil en resarcimiento de los perjuicios ocasionados por el quebrantamiento."

El Tribunal a quo concluyó, además, que no procedía la aplicación de la doctrina de cosa juzgada por no estar presentes los requisitos de identidad de cosas y de causas, ni la defensa de fraccionamiento de causa de acción y que la acción por incumplimiento de contrato debía seguir su curso.
*1036 Inconforme con este dictamen, BBDO acude ante nos mediante el presente recurso de certiorari en el que sostiene que erró el Foro a quo al:

"1. ...entender que la reclamación por quebrantamiento de contrato de empleo debe continuar su curso, aun cuando en nuestra jurisdicción, el remedio exclusivo provisto en la ley Núm. 80 es la política pública vigente.

2. ...permitir la reapertura de un caso desestimado hace más de cuatro años, ya que habiendo dictado sentencia a favor de la demandante, en el pleito al amparo de la Ley Núm. 80, ésta está impedida para reclamar incumplimiento de contrato por la doctrina de cosa juzgada.

3. ...no tomar como concluyente su propio pronunciamiento sobre el hecho esencial de la naturaleza del contrato, y entender que procede la reapertura del caso por quebrantamiento de contrato.

4. ...permitir la reapertura del caso por quebrantamiento de contrato de empleo aun cuando la parte demandante no cumplió con su obligación de exponer íntegramente todas sus causas de acción en un mismo pleito."

Gallardo presentó su posición frente al recurso. Examinados los escritos de las partes, la ley y la jurisprudencia aplicable, nos encontramos en posición de resolver.
Como ya vimos, la controversia que se plantea en el presente recurso requiere que determinemos si la obtención del remedio provisto en la Ley Núm. 80 para los casos de despido injustificado, excluye una causa de acción por incumplimiento de contrato basada en los mismos hechos.
El Tribunal a quo contestó dicha interrogante en la negativa al disponer que:

"Entendemos que la ficción de considerar a estos empleados como contratados sin tiempo determinado se hace a los únicos fines de que puedan reclamar los remedios que provee la Ley Núm. 80, pero de ninguna manera significa que el contrato por tiempo determinado por el cual fueron contratados sea inexistente. ”

Entendemos que erró el Foro a quo al así resolver.
El Artículo I de la Ley Núm. 80, 29 L.P.R.A. sec. 185(a), según enmendado, dispone que:

"Todo empleado de comercio, industria o cualquier otro negocio o sitio de empleo, designado en lo sucesivo como el establecimiento, donde trabaja mediante remuneración de alguna clase contratado sin tiempo determinado, que fuere despedido de su cargo sin que haya mediado una justa causa, tendrá derecho a recibir de su patrono en adición al sueldo que hubiere devengado:

a) el sueldo correspondiente a un mes por concepto de indemnización;

b) una indemnización progresiva adicional equivalente a una semana por año de servicio.

c) Los años de servicio se determinarán sobre la base de todos los períodos de trabajo anteriores acumulados que el empleado haya trabajado para el patrono antes de su cesantía, pero excluyendo aquéllos que por razón de despido o separación anterior le hayan sido compensados o hayan sido objeto de una adjudicación judicial.

No obstante lo dispuesto en el primer párrafo de esta sección, el mero hecho de que un empleado preste servicios al amparo de un contrato por tiempo determinado, por sí sólo no tendrá el efecto automático de *1037 privarle de la protección de la secs. 185a a 185m de este título si la práctica y circunstancias envueltas u otra evidencia en la contratación fueren de tal naturaleza que tiendan a indicar la creación de una expectativa de continuidad de empleo o aparentando ser un contrato de empleo por tiempo indeterminado bona fide. En estos casos, los empleados así afectados se considerarán como si hubieren sido contratados sin tiempo determinado. Excepto cuando se trate de empleados contratados por un término cierto bona fide o para un proyecto o una obra cierta bona fide, toda separación, terminación o cesantía de empleados contratados por término cierto o proyecto u obra cierta, o la no renovación de su contrato, se presumirá que constituye un despido sin justa causa regido por las secs. 185a et seq. de este título." (Enfasis suplido.)
Esta última disposición para incluir a los empleados contratados por tiempo determinado fue añadida a la Ley Núm. 80 por virtud de la Ley Núm. 7 de 1 de marzo de 1988, "a los fines de disponer que el mero hecho de que un empleado preste servicios al amparo de un contrato por tiempo determinado, por sí sólo no tendrá el efecto automático de privarle de la protección de dicha ley, si la práctica y circunstancias envueltas u otra evidencia en la contratación fueren de tal naturaleza que tienda a indicar la creación de una expectativa de continuidad de empleo o aparentando ser un contrato de empleo por tiempo indeterminado 'bonafide'. En estos casos, los empleados así afectados se considerarán al amparo de la ley como si hubieran sido contratados sin tiempo determinado." A. Acevedo Colom, Legislación Protectora del Trabajo Comentada, San Juan, Ramallo Printing Bros, 2001, pág. 168.
Como regla general, un empleado contratado por tiempo indeterminado, que es despedido sin causa justificada, sólo tiene derecho al remedio que provee la Ley Núm. 80. Acevedo v. Western Digital Caribe Inc., 140 D.P.R. 452 (1996); Porto v. Bentley, 132 D.P.R. 331 (1992); Arroyo v. Rattan Specialties, Inc., 117 D.P.R. 35, 65 (1986); Rivera v. Security National Life Ins., 106 D.P.R. 517, 527 (1977).
En Segarra Hernández v. Royal Bank de Puerto Rico,_D.P.R._(1998), 98 J.T.S. 37, nuestro más Alto Foro dispuso lo siguiente:
"Ahora bien, en cuanto a la exclusividad del remedio provisto en la Ley Núm. 80, se afirmó que aunque, de ordinario, un trabajador u obrero contratado sin tiempo determinado que es despedido injustificadamente sólo tiene derecho a dicho remedio, 'una excepción a esta norma es que el despido se haga con el propósito y la intención de frustrar o subvertir, o que tenga el efecto de frustrar o subvertir una clara política pública'. Arroyo v. Rattan Specialties, 117 D.P.R._, a la pág. 65.
Ya en Rivera v. Security Nat. Life Ins. Co., 106 D.P.R. 517 (1977), habíamos intimado esta posibilidad al expresamente afirmar que la exclusividad de remedios de las leyes laborales 'no excluye [] la responsabilidad civil de un patrono por conducta torticera en que incurriere por otros motivos que no sean la mera violación de una disposición de las leyes del trabajo'. Rivera v. Security Nat. Life Ins. Co., 106 D.P.R._, ala pág. 527. Así pues, la exclusividad del remedio provisto en la Ley Núm. 80, como indemnización por los daños que le causa el despido, Alvira Cintrón v. SK & F Laboratories Co., 97 J.T.S. 40, Opinión y Sentencia de 4 de abril de 1997; 142 D.P.R._(1997), subsiste con relación al mero despido sin justa causa, 'si con el despido concurren otras actuaciones torticeras que sean independientes al mismo, entonces procede que se responsabilice al patrono a base de dicha conducta'. Porto v. Bentley de Puerto Rico, Inc., supra, (en donde expresamos claramente que la reclamación al amparo del Art. 1802 del Código Civil, allí en disputa, se efectuaba en virtud de ciertas imputaciones difamatorias efectuadas por el patrono al despedir al demandante); véanse además, Acevedo Santiago v. Western Digital Caribe, Inc., supra; Ruy N. Delgado Zoyas v. Hospital Interamericano de Medicina Avanzada, Opinión y Sentencia de 5 de diciembre de 1994, 137 D.P.R._(1994), 94 J.T.S. 149.

En virtud de lo anterior, queda claro que cuando un obrero contratado sin tiempo determinado es despedido sin justa causa, y además, ha sido objeto de actuaciones que lesionan su derecho a la intimidad o que son constitutivas de ataques a su integridad personal, puede reclamar el pago de la compensación económica por concepto de la mesada y puede, también, instar una acción para reclamar los daños y perjuicios que dichas actuaciones le han causado. En tal caso, la reclamación de daños se da en función de las 
*1038
actuaciones anti-jurídicas independientes al hecho del despido que resultan indemnizables al amparo de nuestro ordenamiento jurídico. Claro está, si luego de que el obrero querellante presenta toda su prueba queda demostrado que tan sólo hubo un despido injustificado y que no mediaron actuaciones antijurídicas compensables bajo el Artículo 1802 del Código Civil de Puerto Rico, dicho obrero tan sólo tiene derecho al remedio provisto en la Ley 80."

De otra parte, los empleados temporeros o contratados por tiempo determinado están protegidos por el Art. 1476 del Código Civil, 31 L.P.R.A. see. 4114, el cual dispone que los "...trabajadores asalariados por cierto término o para cierta obra, no pueden despedirse ni ser despedidos antes del cumplimiento del contrato, sin justa causa".
De lo anteriormente expuesto, se colige claramente que los remedios provistos en nuestro ordenamiento para las situaciones de despido injustificado varían dependiendo de la naturaleza del contrato de empleo, a saber: si el contrato es a término fijo, a tiempo indeterminado, o están presentes ciertas circunstancias que tiendan a indicar la creación de una expectativa de continuidad en el empleo o de un contrato por tiempo indeterminado bonafi.de.
En el caso de autos, la parte recurrida presentó dos reclamaciones, inconsistentes entre sí, ante distintos foros: una al amparo de la Ley Núm. 80 y otra por incumplimiento de contrato. Ambas estuvieron fundadas en los mismos hechos: el despido injustificado de Gallardo. La adjudicación de dichas reclamaciones dependía de la naturaleza del contrato de empleo entre Gallardo y BBDO. Una vez se adjudicó el pleito sobre despido injustificado al amparo de la Ley Núm. 80 y se le concedió a la parte recurrida la indemnización provista por dicha legislación, la relación de empleo de Gallardo fue catalogada como una de naturaleza indeterminada. Entendemos que la parte recurrida estaba impedida de continuar con su reclamación sobre incumplimiento del contrato de empleo por término fijo contra BBDO. El remedio provisto por la Ley Núm. 80 es exclusivo e impide la presentación de reclamación adicional alguna contra el patrono, excepto en las situaciones establecidas en la jurisprudencia, las cuales no están presentes en el caso de autos. La reclamación por incumplimiento de contrato, no emana de una fuente independiente al despido del empleado.
III
BBDO sostiene, además, que es de aplicación a la situación de autos la doctrina de cosa juzgada. Estamos de acuerdo.
La doctrina de cosa juzgada aparece estatuida en el Art. 1204 del Código Civil, 31 L.P.R.A. see. 3343, el cual lee como sigue:

"Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquél en que ésta sea invocada, concurra la más perfecta identidad entre los casos, las personas de los litigantes y la calidad con que lo fueron."

La doctrina de cosa juzgada impide que se litigue en un pleito una reclamación que ya fue o que pudo haber sido litigada y adjudicada en un pleito anterior entre las mismas partes y sobre la misma causa de acción. Worldwide Food Dist., Inc. v. Colón, 133 D.P.R. 827 (1993); Mercado Riera v. Mercado Riera, 100 D.P.R. 940 (1972); Isaac Sánchez v. Universal C.I.T. Credit, 95 D.P.R. 372 (1967). El propósito medular que persigue la aplicación de la defensa de cosa juzgada, así como su modalidad de impedimento colateral por sentencia, es ponerle fin a los litigios, evitar que se eternicen las cuestiones judiciales y que se someta en dos ocasiones a un ciudadano a las molestias que supone litigar la misma causa y promover la economía judicial y administrativa al evitar litigios innecesarios y decisiones inconsistentes. Rodríguez Rodríguez v. Colberg Comas, 131 D.P.R. 212, 218 (1992); Pérez v. Bauzá, 83 D.P.R. 220 (1961).
En Acevedo v. Western Digital Caribe, Inc., supra, a las págs. 464-465, nuestro más Alto Foro expuso lo *1039 siguiente en cuanto a los requisitos necesarios que deben concurrir para que se aplique la doctrina de cosa juzgada:

“Se constituye el requisito de identidad de causas "cuando la nueva acción estuviera como embebida en la primera, o fuese consecuencia inseparable de la misma...". Para cumplir con el requisito de identidad de cosas "basta que se refiera al mismo asunto, aunque en el uno se abordase totalmente y sólo parcialmente en el otro...".

En cuanto a la identidad de las personas de los litigantes, este requisito se rige por la doctrina de mutualidad. El propio Art. 1204 de nuestro Código Civil, supra, dispone que "[sje entiende que hay identidad de personas, siempre que los litigantes del segundo pleito sean causahabientes de los que contendieron en el pleito anterior o estén unidos a ellos por vínculos de solidaridad... ”. (Citas omitidas.)
Por otro lado, nuestro Tribunal Supremo también ha reconocido la figura jurídica de impedimento colateral por sentencia como una modalidad de la doctrina de cosa juzgada en la cual no resulta necesaria la identidad de causas. A & P Gen. Contractors v. Asoc. Caná, 110 D.P.R. 753 (1981). Esta modalidad surte efecto cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y resuelve mediante una sentencia válida, final y firme. Dicha determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén envueltas causas de acción distintas. Id., a las págs. 762-763; Fatach v. Seguros Triple S, Inc.,_D.P.R._ (1999), 99 J.T.S. 46.
El Tribunal a quo resolvió que no procedía la aplicación de la doctrina de cosa juzgada porque no estaban presentes los requisitos de identidad de cosas y de causas. Erró al así resolver.
. La "cosa" responde básicamente al"objeto o materia sobre la cual se ejercita la acción". Lausell Marxuach v. Díaz de Yánez, 103 D.P.R. 533, 535 (1975). En el caso de autos no existe duda de que ambas reclamaciones judiciales surgieron de los mismos hechos y que la cosa o el objeto en el que se basan ambas reclamaciones,-lo es el contrato de empleo suscrito entre Gallardo y BBDO.
Si bien la reclamación por despido injustificado y la demanda sobre incumplimiento de contrato de empleo no constituyen las mismas causas de acción, ello no impide la aplicación de la doctrina de cosa juzgada en su modalidad de impedimento colateral por sentencia, la cual no requiere la identidad de causas. De las alegaciones de la demanda y de la querella, se desprende claramente que ambas están basadas en el despido injustificado de Gallardo de su empleo en BBDO. El Tribunal de Primera Instancia emitió una sentencia válida, final y firme en la que concluyó que Gallardo fue despedido injustificadamente de su empleo, y en la que se le concedió la indemnización correspondiente al amparo de la Ley Núm. 80. Tal sentencia implica necesariamente que el Tribunal sentenciador concluyó que Gallardo tenía un contrato a término fijo con BBDO con expectativas de continuidad en el empleo o que era un contrato por tiempo indeterminado bona fide. Este hecho esencial respecto a la naturaleza de la relación contractual existente entre Gallardo y BBDO, es concluyente y no puede ser litigado nuevamente en el pleito sobre incumplimiento de contrato instado por la parte recurrida por los mismos hechos.
De conformidad con lo anterior, concluimos que en la situación de autos concurren los requisitos necesarios para la aplicación de la doctrina de cosa juzgada en su modalidad de impedimento colateral por sentencia. Procede, pues, la desestimación de la demanda sobre incumplimiento de contrato instada contra BBDO.
IV
Por los fundamentos antes expuestos, revocamos la resolución recurrida.