RIERA, DEMANDANTE Y APELANTE, *v.* WOLFF'S AUTO GARAGE ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en un caso sobre cobro de una fianza en una tercería de dominio.

No. 1015.—Resuelto en marzo 26, 1914.

TERCERÍA DE DOMINIO—FIANZA—NATURALEZA DE LA OBLIGACIÓN.—De acuerdo con las secciones 3, 14 y 15 de la Ley de marzo 14, 1907, estableciendo el procedimiento en casos de tercería, la fianza que ha de prestar el tercerista que reclama los bienes que han sido embargados por un tercero, no tiene necesariamente el carácter de una penalidad, sino que su objeto es garantizar al acreedor que ha embargado los bienes, que el tercerista se los devolverá en la misma condición en que los ha recibido, y en el caso de que así no lo haga que le compensará su valor más el interés legal y los daños y costas a que fuere condenado.

ID.—DESISTIMIENTO DE LA DEMANDA DE TERCERÍA—DEVOLUCIÓN DE LOS BIENES AL ACREEDOR QUE LOS EMBARGÓ.—Cuando, como en el caso de autos, el tercerista desiste de su demanda y después de haber prestado la correspondiente fianza devuelve los bienes al acreedor que los embargó, aun en el supuesto de que la fianza se hubiere otorgado por el doble del montante del valor de los bienes, dicho acreedor, si recibe los bienes, sólo tiene derecho a que se le indemnice la diferencia que pueda haber entre el valor de los bienes al ser devueltos por el tercerista y el que tenían cuando los recibió éste con los daños verdaderos sufridos.

ID.—DAÑOS QUE DEBE INDEMNIZAR EL TERCERISTA—INTERÉS LEGAL.—En el estado de los hechos probados no es necesario resolver en este caso si de acuerdo con la sección 3 de la Ley de marzo 14, 1907, ya citada, el acreedor que embargó los bienes puede reclamar al tercerista la indemnización de cualquier daño que haya sufrido en el caso de que los intereses legales sobre el montante del valor de los mismos no sean suficientes para compensar los perjuicios sufridos.

HONORARIOS DE ABOGADOS—COSTAS—DISCRECIÓN DEL TRIBUNAL SENTENCIADOR.—La concesión de honorarios de abogados en un procedimiento de tercería de dominio descansa por completo en la discreción del tribunal sentenciador y este tribunal por regla general no modificará la resolución del tribunal inferior sobre tal extremo.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. José G. Torres y José Ramón Freyre.*

Abogados de los apelados Francisco del Moral y Maximino Rodríguez: *Sres. Bosch* y *Soto.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Se inició esta acción ante la Corte de Distrito de Mayagüez en 7 de noviembre de 1911. Los hechos fueron sustancialmente los siguientes:

El día 3 de abril de 1911, estableció una demanda Eduardo Riera contra Simón Carlo en cobro de una obligación vencida por la suma de $2,000. Al empezar el pleito el demandante obtuvo una orden de aseguramiento contra dicho demandado y entregó, o iba a entregar, ciertas máquinas o maquinaria del deudor Carlo. Posteriormente, en 5 de abril de 1911, la Wolff's Auto Garage, uno de los demandados en esta acción, presentó una demanda de tercería o reclamación de bienes muebles alegando como de su pertenencia la propiedad embargada por virtud de un contrato privado celebrado entre ella y Carlo. El tercerista a su vez prestó una fianza de $3,000, o sea por el doble del valor de la maquinaria, siendo la interpretación de dicha fianza el objeto de esta apelación. La fianza es como sigue:

"FIANZA. *Por cuanto:* en virtud de una orden de embargo librada por la corte de distrito a favor del demandante Don Eduardo Riera contra el demandado Don Simón Carlo, para asegurar la efectividad de la sentencia que pueda recaer en este asunto, autenticada el 5 de abril de 1911, el márshal de dicha corte ha embargado a designación del demandante, la propiedad mueble descrita a continuación: 'Un torno marca Benjamín Laurance builder, of Lowell, Mass., U. S. A., con 8 piñones y dos platos. Un torno Manning Maxwell & More, con 8 piñones y dos platos. Una máquina de barrenar con un juego de barrenas de 1/16 hasta una pulgada. Una sierra de cortar hierros. Un milling machine No. 1. con doce fresas. Una máquina con dos piedras de esmeril. Un motor gasolina sistema Otto. Una prensa, un marrón, 12 llaves fijas, seis perros de torno y varios accesorios y herramientas inherentes a la maquinaria;' la cual propiedad ha sido tasada por el citado agente en_____ dollars. *Y por cuanto:* la Sociedad Wolff's Auto Garage, ha reclamado dicha propiedad y presentado al aludido agente un juramento por escrito, haciendo constar que su reclamación se ha hecho de buena fe. *Por tanto:* Nosotros,

Ramón Wolff, gerente de la Sociedad Wolff's Auto Garage, como principal, y Francisco del Moral y Nadal y Maximino Rodríguez, como fiadores nos obligamos a pagar al citado Eduardo Riera la suma de tres mil dollars, o sea el doble del valor de la reseñada propiedad, con la condición de que si la Sociedad Wolff's Auto Garage dejare de justificar su derecho a la memorada propiedad, la devolverá al márshal de esta corte de distrito o a su sucesor, en la misma condición en que la recibió, y satisfará también el valor razonable del uso, alquiler, incremento y productos de la misma, desde la fecha de esta fianza y las costas, o si dejare de devolver dicha propiedad y pagar por el uso, alquiler, incremento y productos de la misma, satisfará al demandante el valor de ella, con intereses legales sobre dicho valor, desde esta fecha, así como todos los daños y costas a que fuere condenado.   Firmado hoy en Mayagüez a 5 de abril de 1911.   (Firmado) R. Wolff, principal pagador.   F. del Moral.   M. Rodríguez, fiadores.''

Al ser prestada la fianza se entregó la propiedad a la Wolff's Auto Garage, quedando bajo su control hasta el día 14 de septiembre de 1911, o sea por un período de cinco meses y ocho días, cuando fué entregada dicha propiedad a Eduardo Riera al desistir de su demanda la Wolff's Auto Garage y haberse dictado sentencia de desistimiento contra ella a su costa y perjuicio.   Se resolvió que la palabra ''costas,'' se refería a las del procedimiento de tercería.   Quedó probado el hecho de haber sido entregada la propiedad a Riera dos días después del desistimiento de esta acción de tercería. Asimismo quedó establecido que al ser devuelta dicha maquinaria, se echaron de menos algunas piezas de la misma que tenían un valor de $200, siendo ésta la única pérdida o deterioro ocasionado, según la opinión de la corte.   Igualmente quedó demostrado por la prueba que después del desistimiento de dicha acción el demandante Riera presentó un memorándum de costas y honorarios ascendente a $110.55, que fueron satisfechos por la Wolff's Auto Garage.

Todos estos procedimientos tuvieron lugar por virtud de la ley aprobada en marzo 14, 1907, que regula el procedimiento en casos de tercería sobre bienes muebles, Leyes de la Sesión de 1907, página 308.   Según la sección 14 de esta

Ley, como lo admiten las partes en el pleito y el juez especial-
mente lo reconoce, pudo haberse dictado sentencia contra
la Wolff's Auto Garage y sus fiadores por cualquier suma
permitida por la ley pero en vez de hacerlo así, dicha corte,
después de dictar sentencia por costas y honorarios en los
procedimientos de tercería ordenó que la fianza fuera entre-
gada al demandante Eduardo Riera para que ejercitara el
derecho que tuviera por conveniente.   En su virtud, el de-
mandante entabló la presente acción contra la Wolff's Auto
Garage y sus fiadores.

Durante la celebración de este juicio el demandante trató
de probar varias partidas referentes a daños y perjuicios,
pero la corte dictó por último sentencia por la suma de
$231.95, valor del admitido deterioro de la maquinaria, con
interés legal desde la fecha en que fué embargada.   La corte
dictó sentencia por la expresada suma pero sin costas u hono-
rarios, contra la cual interpuso el demandante Riera recurso
de apelación.

Alega el apelante por medio de su abogado que la fianza
es según sus propios términos una con cláusula penal y que
no habiendo sido devuelta la propiedad por el tercerista al
demandante Riera en tan buena condición como la recibió ni
pagado al demandante el valor razonable del uso, alquiler,
incremento y productos de la misma, debió haberse dictado
la sentencia por toda la suma penal de $3,000, o al menos
por la entera cantidad de $1,500, en que fué valorada la ma-
quinaria, y por los demás daños y perjuicios que se probaron.
Sostiene que se le debieron haber concedido otras partidas
de daños y perjuicios y no debió limitarse la sentencia úni-
camente al interés sobre la suma del principal.   También in-
siste el apelante en que la corte cometió error al negarse a
concederle costas y honorarios en este pleito.

En cuanto a la primera cuestión planteada por el ape-
lante conviene que citemos las secciones de la ley que son de
aplicación al caso.

"Sección 3.—La fianza se constituirá con la condición de que si el reclamante no lograre justificar su derecho a la propiedad devolverá ésta al agente que hubiere efectuado el embargo, o al sucesor de éste, en tan buena condición como la recibió, y de que también satisfará el valor razonable, del uso, alquiler, incremento y productos de la misma, desde la fecha de la fianza; o si dejare de devolver dicha propiedad, y pagar por el uso, alquiler, incremento y productos de la misma, satisfará al demandante el valor de dicha propiedad, con más el interés legal sobre el, mismo desde la fecha de la fianza, así como todos los daños y costas a que fuere condenado."

"Sección 14.—En todos los casos en que el reclamante de una propiedad, bajo las disposiciones de esta Ley, dejare de probar su derecho a ella, se dictará fallo en contra de él y de sus fiadores, por el valor de la propiedad, con interés legal sobre el mismo desde la fecha de la fianza.

"Cuando dicho valor fuere mayor que la cantidad reclamada en la orden en cuya virtud se procedió al embargo de la propiedad, la indemnización se computará sobre la cantidad reclamada en la orden.

"Dicho fallo se dictará a favor del litigante victorioso en el asunto donde se decretó la orden de embargo, o cualquiera otra que haya motivado la tercería; y cuando el fallo se dictare a favor del demandante en la orden de embargo, o de los diversos demandantes, si hubiere más de uno, se fijará en dicho fallo la cuantía, y el orden prelativo de la reclamación de cada demandante. En todo caso en que no se trate de abandono de acción por el demandante, o de rebeldía del demandado, el juez reservará su sentencia en la tercería hasta que haya recaído sentencia en el asunto que motivó la tercería."

"Sección 15.—Dentro de los diez días de haberse dictado el fallo, se librará el mandamiento de ejecución.

"Si dentro de los diez días de haberse dictado fallo contra el reclamante, éste devolviere la propiedad en la misma buena condición en que la hubiere recibido, y pagare por el uso de la misma así como por los daños y costas causados, con tal entrega y pago se tendrá por satisfecha la sentencia."

Entendemos que de un examen de estas tres secciones se ve que el objeto de la ley no fué imponer un castigo sino conceder una compensación y garantizar la misma. La sección 14 dispone que se dictará sentencia contra el tercerista que dejare de probar su derecho por el valor de la propiedad con intereses legales sobre la misma desde la fecha de la

fianza, y la sección 15 prescribe que el tercerista podrá satisfacer esta sentencia devolviendo la propiedad en la misma buena condición en que la hubiere recibido, pagando por el uso de la misma, así como por los daños y costas causados. Por tanto, somos claramente de opinión que el objeto de la ley es la compensación.

La propiedad fué devuelta y recibida por el demandante. Si éste se hubiera negado a recibirla con el pretexto de que no se encontraba en la misma condición que tenía cuando se le privó de ella, quizás entonces podría tener razón al alegar que debió ordenarse que se le pagara toda la suma de $1,500. Al decretarse que se le abonaran los $200 por los deterioros sufridos en la maquinaria en vez de la suma de $1,500, o sea el valor en que fué tasada la maquinaria, la corte procedió a nuestro juicio de acuerdo con la ley y la justicia del caso. Otro modo de considerar esta cuestión es el siguiente: Supongamos que el apelante tenía derecho a recibir los $1,500. Se le devolvió la maquinaria a la que ahora se da un valor de $1,300. Por tanto si se tiene en cuenta el valor de la referida propiedad, el apelante tenía derecho solamente a la diferencia.

La corte inferior llama la atención hacia la forma defectuosa en que está redactada la ley. La fianza se limita ahora a favor del demandante cuando debería hacerse a favor del márshal o de la parte que resulte victoriosa en el pleito. Todavía sería mejor una fianza en la que el tercerista se comprometiera a responder de la propiedad y de todos los daños y perjuicios que se originen por la tercería y los fiadores a garantizar tal responsabilidad, y que si la sentencia se dicta contra dicho tercerista, pudiera condenarse en la misma al tercerista y a sus fiadores a hacer efectiva dicha responsabilidad.

Ahora bien, aunque los términos de la sección 14 se refieren a la sentencia e intereses solamente, creemos que según el espíritu general de la ley y de la sección 3ª. de la misma podrían quizás considerarse y estimarse cualesquiera daños

que se hayan ocasionado al demandante si fuere insuficiente el interés para repararlos, pero no hay necesidad de resolver esta cuestión de modo específico hasta que no se presente un verdadero caso. En este caso el demandante Riera ofreció prueba a la corte inferior para demostrar que cuando la maquinaria fué sacada del taller de Carlo el deudor Riera tenía que pagar alquileres por el sitio de donde fué llevada la misma, teniendo además que pagar sueldos a varios empleados del taller. Pero no aparece de qué modo sobrevinieron estos daños como causa próxima por el hecho de haber sido tomada la maquinaria. Riera entró en posesión del taller, mientras no se demuestre otra cosa, con el consentimiento expreso o tácito del deudor Carlo. Si hubo daños resultarían para este último, pero según hemos visto la fianza se hizo a favor de Riera. Los daños que tuvo en cuenta la fianza se refieren a los que se causen a la maquinaria, los productos y uso de la misma u otros semejantes. Por estas razones no vemos que Riera sufriera otros daños y perjuicios por virtud de la fianza que aquellos que le concedió la corte.

Otro fundamento de error es el de que no se concedieron honorarios de abogado. Esta es una cuestión que descansa tanto en la discreción de la corte sentenciadora que no nos sentimos inclinados a intervenir con dicha discreción. Si el demandante Riera hubiera solicitado de la corte por medio de moción que fijara los daños en el pleito original de tercería, la corte podría haberlo hecho así. De todos modos el demandado ya ha sido obligado a pagar honorarios de uno de los abogados por haberse tomado indebidamente la maquinaria y no estamos por tanto dispuestos a intervenir con la discreción de la corte. Debe confirmarse la sentencia.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.