RONA ELECTRIC COMPANY, demandante y recurrente, *v.* JULIO GARRIGA, JR., h/n/c IDEAL TRADING COMPANY, demandado y recurrido; JULIO GARRIGA, JR., INC., tercerista.

*Número:* O-70-229    *Resuelto:* 11 de mayo de 1971

*Joseph W. Kiefer,* abogado de la recurrente; *R. Elfrén Bernier* y *Plinio Pérez Marrero,* abogados del tercerista.

El Juez Asociado Señor Martínez Muñoz emitió la opinión del Tribunal.

El 16 de mayo de 1966 Rona Electric Co., aquí recurrente, inició una acción en cobro de $207.50 ante la Sala de San Juan del Tribunal de Distrito contra Julio Garriga, Jr., h/n/c Ideal Trading Co. Unos días después obtuvo del tribunal, previa prestación de fianza, una orden de embargo para asegurar la efectividad de la sentencia, señalándose como bienes muebles a ser embargados, entre otros, un vehículo marca Dodge, licencia 878-853. Al dorso del mandamiento de embargo aparece constancia de su diligenciamiento por el Alguacil del automóvil descrito, el cual se encontraba "en poder del demandado" en la Calle Cacique No. 2215 de Santurce. Aparece también constancia de haberse emplazado al demandado Julio Garriga, Jr., en 27 de mayo de 1966.

El 11 de julio de 1966, cinco días después de efectuado el embargo, Julio Garriga, Jr., Inc., corporación con el mismo nombre del demandado, radicó dentro del pleito de cobro de dinero una demanda alegando ser dueña del vehículo embargado; que el mismo fue embargado por Rona Electric a sabiendas de que el mismo no pertenecía a Julio Garriga, Jr., y solicitaba que, previo los trámites legales correspondientes, se dictara sentencia declarando "que Julio Garriga, Inc. ha sido era y es dueña del automóvil objeto de esta licencia" y

se condenara a la demandante al pago de las costas, gastos y honorarios de abogado.

El 19 de julio de 1966, Julio Garriga, Jr., Inc., reprodujo más o menos las alegaciones de su "demanda", esta vez en una "declaración jurada", la cual se identificó con el número Civil 66-6681, dirigida al Alguacil del Tribunal de Distrito, acompañada de una fianza por $425.00, y solicitando el levantamiento del embargo sobre el automóvil y que el mismo le fuera entregado "a la Tercerista, Julio Garriga, Jr., Inc." Así lo hizo el Alguacil el 19 de agosto de 1966 haciendo constar al dorso de la "Declaración Jurada" que:

"Cumpliendo con el procedimiento que establese [*sic*] la Ley de Tercería de Bienes Muebles, entregué el referido automóvil descrito en el diligenciamiento de embargo a la parte tercerista."

El Alguacil dio traslado de la fianza y la Declaración Jurada al tribunal. El 25 de agosto de 1966 la Secretaria cursó notificación escrita a la demandante Rona Electric, al demandado Julio Garriga, Jr., y a la tercerista Julio Garriga, Jr., Inc., a tenor con lo dispuesto en la Ley de Tercerías sobre bienes muebles,[1] requiriendo la comparecencia de las partes dentro del término de diez (10) días, "a los efectos pertinentes".

El 12 de septiembre siguiente, Rona Electric, embargante del automóvil, solicitó se desestimara la demanda de tercería por la incomparecencia de la tercerista dentro de los diez días que fija la ley. 32 L.P.R.A. sec. 1181. La tercerista se opuso mediante moción.[2]

---

[1] Ley del 14 de marzo de 1907, 32 L.P.R.A. secs. 1171–1190.

[2] Para mayor claridad, copiamos el texto íntegro de dicha moción:

*"MOCION*

AL HONORABLE TRIBUNAL:

Comparece el tercerista Julio Garriga, Jr., Inc., representado por sus abogados que suscriben y respetuosamente expone y solicita:

1. Comparece por segunda vez a tenor con la ley de tercería, no habiendo comparecido anteriormente porque habiéndosele notificado el

Explicó la tercerista que no había comparecido anteriormente por haberse "extraviado" el expediente teniendo que acudir al tribunal para examinar las constancias del mismo, lo que no pudo hacerse hasta muy recientemente; que la cuestión a dilucidarse era el dominio del vehículo embargado reclamando ser su único dueño, y que nunca ha pertenecido a la parte demandada en este procedimiento. Adicionalmente informó lo siguiente:

"4. El compareciente informa adicionalmente que en el momento de devolverle el vehículo, luego de la fianza prestada, se encontraba totalmente cubierta la parte exterior, de un polvo blanco de la naturaleza de pintura y tenía dañado el generador y la banda de freno de la parte delantera, cuyos desperfectos no tenía el vehículo en el momento del embargo.

Tomando en consideración lo señalado e informado y habiendo sido esta la primera oportunidad de comparecer en este caso, en vista del extravío del expediente, se suplica que se continúe con el trámite en la forma correspondiente."

extravío del expediente en este Honorable Tribunal fue necesario acudir al Tribunal para examinar las constancias del mismo, lo que no pudo hacerse hasta muy recientemente.

2. La cuestión ha dilucidarse es el dominio del vehículo embargado y a esos fines el compareciente reclama que es el único dueño del vehículo embargado, estando la licencia del vehículo expedida a su nombre y debidamente registrada en el Departamento de Obras Públicas.

3. El vehículo embargado no pertenece ni ha pertenecido nunca a la parte demandada en este procedimiento.

4. El compareciente informa adicionalmente que en el momento de devolverle el vehículo, luego de la fianza prestada, se encontraba totalmente cubierta la parte exterior, de un polvo blanco de la naturaleza de pintura y tenía dañado el generador y la banda de freno de la parte delantera, cuyos desperfectos no tenía el vehículo en el momento del embargo.

Tomando en consideración lo señalado e informado y habiendo sido esta la primera oportunidad de comparecer en este caso, en vista del extravío del expediente, se suplica que se continúe con el trámite en la forma correspondiente.

El abogado suscribiente certifica que ha remitido copia de esta moción al Lic. Joseph W. Kiefer, abogado de la parte demandante, a su dirección postal en la Calle De Diego Núm. 309 en Santurce, Puerto Rico.

En San Juan, Puerto Rico, a 21 de septiembre de 1966."

El tribunal declaró sin lugar la moción de desestimación, haciendo constar que el tercerista había cumplido con las disposiciones de la Ley Sobre Tercería, y ordenó la consolidación del caso de tercería (Civil Núm. 66-6681) con el de cobro de dinero (Civil Núm. 66-3912).

El 13 de septiembre de 1967, habiendo transcurrido dieciséis meses de haber sido emplazado, el demandado Julio Garriga, Jr., contestó la demanda en cobro de dinero radicada contra él negando adeudar cantidad alguna a la parte demandante y alegando como defensa especial que la parte demandante no tenía capacidad para demandar. Varios días después notificó unos interrogatorios a la demandante dirigidos a obtener información en torno a relaciones, si algunas, que existían entre la demandante Rona Electric Co. con otras corporaciones e individuos y si la demandante "existe legalmente y si continúa operando".(³)

La demandante, por su parte, había dirigido en esos días unos interrogatorios a la tercerista Julio Garriga, Jr., Inc., solicitando información alrededor de su alegado derecho de propiedad sobre el vehículo Dodge.

La tercerista contestó los interrogatorios. La demandante objetó los que le dirigió el demandado por improcedentes. El tribunal, el 4 de diciembre de 1967, declaró sin lugar las objeciones de la demandante y le ordenó contestar. Para esa fecha estaba pendiente de consideración una moción del abogado de la demandante en la que hacía constar que había renunciado la representación legal de dicha parte. La *parte demandada* (léase Julio Garriga, Jr.) se había opuesto a dicha moción. De ahí en adelante los autos revelan una serie de incidentes en torno a la renuncia de representación legal

---

(³) Aunque no se hace constar el nombre de la parte que formuló estos interrogatorios, por la materia objeto del descubrimiento que giraba alrededor de la defensa especial, resulta claro que fueron formulados por Julio Garriga, Jr., el demandado, y no por la tercerista Julio Garriga, Jr., Inc. Ambos tenían la misma representación legal.

de la demandante (aceptada y dejada sin efecto más tarde por el tribunal) y varias mociones de la tercerista Julio Garriga, Jr., Inc., solicitando se señalara una vista "para presentar la prueba de los daños sufridos con motivo del embargo ilegal realizado".

El tribunal accedió a la solicitud de la tercerista. Señaló fecha para una vista para recibir prueba en cuanto a "daños" sufridos por la tercerista. El 16 de octubre de 1968 se celebró la vista. El 18 de febrero de 1969 se dictó una llamada Resolución y Orden en la que se dice que examinada la prueba presentada por el tercerista Julio Garriga, Jr., Inc., de la misma se desprende que con motivo del embargo injustificado sobre el automóvil Buick(⁴) de su propiedad, la corporación tercerista sufrió los siguientes daños:

"1. Costo de reparación de los desperfectos que tuvo el vehículo mientras estuvo embargado ................ $350.00

2. Gastos para levantar el embargo y minimizar los daños, incluyendo gestiones, honorarios de abogado y fianza ........................................................................ $275.00

3. Costo de otra transportación durante el tiempo en que el vehículo estuvo embargado y fue reparado .... 50.00

$675.00"

Se ordenó a Rona Electric Co. a satisfacer dichos daños, más costas, gastos y $125.00 para honorarios de abogado. Se ordenó a la compañía que prestó la fianza de embargo que consignara la misma en el tribunal. Y se ordenó que la suma cubierta por la fianza le fuera entregada en su totalidad al tercerista.

Una moción de Rona Electric Co. para reconsiderar y dejar sin efecto dicha Resolución y Orden fue declarada sin lugar. Sostenía Rona Electric que el tribunal no tenía jurisdicción, dentro de un incidente de tercería, para fijar los

---

(⁴)El mandamiento de embargo, la demanda y la declaración jurada de la tercerista describen al automóvil como uno marca Dodge.

daños de un tercerista, ya que dentro de este procedimiento sólo puede litigarse el derecho de propiedad sobre el bien mueble objeto del embargo; que los daños, ni fueron solicitados en el procedimiento de tercería, ni son cobrables dentro de ese procedimiento; y que la reclamación por daños y perjuicios tendría que ser tramitada en pleito aparte. La demandante le informó al tribunal, sin que fuese controvertido por la tercerista, que la tercerista había radicado una demanda en daños en el Tribunal Superior de San Juan en septiembre de 1967 contra Rona Electric bajo el número 67–4968.

El Tribunal de Distrito declaró sin lugar la reconsideración solicitada por entender que tenía jurisdicción para conceder el remedio (daños) solicitado.

Rona Electric recurrió ante el Tribunal Superior en apelación. Su argumento principal fue el siguiente: el tercerista no solicitó compensación por daños en su *demanda*, ni en su *declaración jurada* de tercería; tampoco solicitó permiso para enmendar tales escritos a los fines de reclamar el pago de daños, pero aun cuando lo hubiera hecho, el tribunal no tenía jurisdicción sobre la materia para conceder daños a la tercerista.

El 21 de septiembre de 1970 el Tribunal Superior, Sala de San Juan, confirmó la sentencia apelada y le impuso a la apelante $200.00 adicionales por concepto de honorarios de abogado en relación con el trámite apelativo.

Acordamos revisar. Todas las partes están de acuerdo en que la acción iniciada por la corporación Julio Garriga, Jr., Inc., fue tramitada de acuerdo con las disposiciones de la ley estableciendo un procedimiento en los casos de tercería sobre bienes muebles aprobada en 14 de marzo de 1907, 32 L.P.R.A. sec. 1171–1190. Así fue en efecto. El tercerista prestó una declaración jurada al Alguacil, reclamando como suyo el automóvil objeto del embargo en la acción de cobro de dinero; constituyó y presentó una fianza a este funcionario,

tal como le exige dicha ley, por el doble del valor de la propiedad reclamada como suya, redactada en el mismo lenguaje de la forma de fianza sugerida por la ley, 32 L.P.R.A. sec. 1176. En su declaración jurada la tercerista solicitó que se le entregase el automóvil. Así lo hizo el Alguacil, procediendo éste de inmediato a remitir al Tribunal de Distrito la declaración jurada y la fianza "para la acción correspondiente a la Ley de Tercería."

La controversia gira en torno a si dentro de un pleito de tercería de dominio puede el tercerista reclamar, en adición a una declaración de mejor derecho sobre la propiedad objeto de la tercería, los daños y perjuicios que se le ocasionaron con motivo del embargo efectuado por el acreedor embargante en el pleito original. Y en caso afirmativo, si en el presente caso la tercerista tramitó válidamente una reclamación de daños y perjuicios, o lo que es lo mismo: si se cumplió con los mínimos requisitos de un debido procedimiento de ley que justifique la sentencia.

■ El procedimiento de tercería tiene por objeto principal determinar de una manera rápida, pero con garantía para todas las partes interesadas, si los bienes muebles que se han embargado como de determinada persona le pertenecen a otra que los reclama como suyos. *Benítez* v. *Rodríguez*, 16 D.P.R. 643 (1910); *Hernández* v. *Corte de Distrito*, 34 D.P.R. 679 (1925). La ley establece un procedimiento sencillo que se inicia mediante declaración jurada del interesado haciendo constar su derecho a la propiedad del bien mueble embargado. La declaración se le dirige al Alguacil a cargo de cumplimentar la orden de embargo o ejecución; se requiere del interesado (tercerista) la prestación de una fianza a favor del embargante en el pleito principal por una suma igual al doble del valor de la propiedad según la tasación del Alguacil, y una vez aprobada se le entregará al tercerista, en *custodia legis*, hasta ulterior disposición de la reclama-

ción por el tribunal. El Art. 11 de la Ley dice así (32 L.P.R.A. sec. 1181):

"Tan pronto como recibiere el secretario de la corte el juramento y la fianza, se lo notificará a todas las partes, quienes deberán comparecer a los diez días de notificadas, y si transcurrido dicho término, comparecieren las partes, la corte dispondrá que se formule por escrito la cuestión, procediéndose a su vista como en las demás causas, y serán siempre partes en el asunto las que lo fuesen en el que haya originado la tercería.

Se establecerá la cuestión mediante una breve exposición de la naturaleza del derecho del reclamante al pretender reclamar como suyos y excluir de la orden de embargo los bienes en controversia y de la autoridad y derecho del demandado o demandados en dicho procedimiento al pretender someter los mismos bienes a la orden de embargo."

El Art. 12 dispone que en caso de que el tercerista deje de comparecer se desestimará su reclamación por abandono; y si fueren los demandados (embargantes en el pleito principal) los que no comparecieren, se dictará sentencia en rebeldía. Conforme al Art. 13 los procedimientos y prácticas en el juicio *se acomodarán*, hasta donde fuere posible, a las reglas del enjuiciamiento civil vigente en Puerto Rico.

Si bien las tercerías se fundan en el dominio de los bienes muebles embargados al deudor y persiguen el fin principal de lograr una adjudicación judicial reconociendo el derecho a la propiedad reclamada como suya por el tercerista, la ley prevé expresamente, además, la posibilidad de conceder daños a favor de la parte embargante y en contra del tercerista que no probare su derecho a la propiedad. Nos referimos al Art. 14 de la Ley que en su parte pertinente dispone:

"En todos los casos en que el reclamante de una propiedad, bajo las disposiciones de las secs. 1171 a 1190 de este título, dejare de probar su derecho a ella, se dictará fallo en contra de él y de sus fiadores, por el valor de la propiedad, con interés legal sobre el mismo desde la fecha de la fianza.

Cuando dicho valor fuere mayor que la cantidad reclamada en la orden en cuya virtud se procedió el embargo de la pro-

piedad, la indemnización se computará sobre la cantidad reclamada en la orden."

*Riera* v. *Wolff's Auto Garage, et al.*, 20 D.P.R. 185 (1914) es un ejemplo del tipo de caso a qué se refiere este artículo. Allí el tercerista, después de haber prestado la fianza, se le entregó la propiedad embargada por el acreedor. La tuvo bajo su control durante más de cinco meses. Desistió entonces de su reclamación de tercería y le entregó los bienes al acreedor. El acreedor instó acción separada contra el tercerista reclamándole daños y perjuicios. El tribunal fijó los daños en cierta suma que no era de la conformidad del demandante. Éste apeló, confirmándose la Sentencia, manifestando el Tribunal (pág. 191): "Si el demandante Riera hubiera solicitado de la corte por medio de moción que fijara los daños en el pleito original de tercería, la corte podría haberlo hecho así."

El Art. 14 de la Ley no dice expresamente que pueda acumularse la acción contingente de daños y perjuicios *del tercerista*, conjuntamente con la acción principal de tercería de mejor derecho, en contra del acreedor embargante. Pero no hay razón para que la acción de daños, íntimamente relacionada como lo es al embargo que motivó la tercería, sin que ello se exija, no pueda ser acumulada, ventilada y resuelta en la acción principal de tercería. Al contrario, la ley de tercerías no es estricta o limitativa en su texto como puede apreciarse de su Art. 13 al disponer que los "procedimientos . . . se *acomodarán*, hasta donde fuere posible, a las reglas del enjuiciamiento civil vigente. . . ." Nos parece, sin embargo, que debe corresponder al juzgador, en primera instancia, la facultad general de dirigir los procedimientos en el ejercicio de una sana discreción teniendo en cuenta factores tales como la congestión del calendario de casos, evitar que se confundan las cuestiones en controversia en el caso de tercería con el de daños y perjuicios, y se dilate indebidamente o perjudique el derecho de las

partes a una adjudicación del asunto principal de tercería, adoptándose aquellas medidas de nuestro ordenamiento procesal ordinario que sean necesarias para lograr una solución justa de la controversia.

Esto no es extraño en nuestro derecho procesal.[5] La Regla 14.2 de Procedimiento Civil permite la *acumulación* de reclamaciones contingentes con la acción principal de cuyo resultado depende la primera.

"Cuando se tratare de una reclamación que dependa para su ejercicio de que otra reclamación sea proseguida hasta su terminación, dichas dos reclamaciones podrán acumularse en el mismo pleito. El Tribunal no resolverá la reclamación contingente hasta tanto se resuelva la reclamación principal."

Nuestra jurisprudencia muestra también ejemplos de ello. Dentro del procedimiento sumario de restitución de bienes muebles que establece la Ley de Ventas Condicionales (Ley Núm. 61 de 13 de abril de 1916, 10 L.P.R.A. sec. 36) hemos reconocido que puede litigarse las defensas del comprador sobre vicios del bien mueble vendido o que hubo incumplimiento del contrato por parte del vendedor. *Mattei & Co.* v. *Maldonado*, 70 D.P.R. 468 (1949); *Universal Credit* v. *Tribunal Superior*, 77 D.P.R 574 (1954); *Millán* v. *Caribe Motors Corp.*, 83 D.P.R. 494 (1961). En *Mattei*, supra, dijimos a la pág. 473:

"Nos parece, en su consecuencia, que toda vez que las partes se encuentran ante el tribunal y éste tiene jurisdicción sobre ellas y sobre la materia y que puesto que se le da a éstas oportunidad para comparecer y ser oídas en torno de sus respectivas reclamaciones o derechos, la mejor práctica debe ser determinar dentro del procedimiento mismo de reposesión tales re-

---

[5] El procedimiento de tercería se asemeja bastante al mecanismo que proveen las Reglas sobre intervención. Regla 21.1. "Mediante oportuna solicitud, cualquier persona tendrá derecho a intervenir en un pleito . . . (c) cuando el solicitante pudiere ser afectado adversamente por una distribución o cualquier otra disposición de propiedad que se hallare bajo la custodia o sujeta al control o poder de adjudicación del tribunal."

clamaciones o derechos, más bien que circunscribirse al hecho escueto de si ha habido o no un incumplimiento del contrato de venta condicional por parte del comprador y por ende de si procede o no la reposesión solicitada."

La cuestión que queda por resolver es si en realidad se siguieron los requisitos mínimos de un debido procedimiento que justifique la Resolución y Orden, que tiene el efecto de una sentencia, en este caso. En primer lugar nos llama poderosamente la atención que en todo el expediente no aparece por ningún lado nada que se asemeje ni remotamente a una *demanda* o una *alegación* en que se establezca una reclamación válida y suficiente de daños y perjuicios.

La "demanda" y la "declaración jurada" de la tercerista fueron dirigidas a obtener un dictamen judicial "declarando que Julio Garriga, Jr., Inc. ha sido, era y es dueña del automóvil objeto de esta tercería".

Es sólo después de habérsele notificado por la otra parte una moción en la que se solicitaba que se desestimara la acción de tercería por incomparecencia de la tercerista que ésta, en una moción explicando las razones de su incomparecencia, "informó" que al "devolverle el vehículo . . . se encontraba totalmente cubierta la parte exterior, de un polvo blanco de la naturaleza de pintura y tenía dañado el generador y la banda de freno de la parte delantera, cuyos desperfectos no tenía el vehículo en el momento del embargo."

■ Fue ésta la "alegación" que sirvió de base para la Resolución y Orden dictada por el Tribunal de Distrito en "rebeldía" de la aquí recurrente. Esta alegación no constituye una reclamación válida de daños y perjuicios. No existe una sola alegación de negligencia. No surge de los autos un solo apercibimiento a la aquí recurrente de que estaba enfrentada a una acción de daños y perjuicios; ni la fijación de un término, ni del derecho a contestarla, ni de que se habría de dictar sentencia en rebeldía en su contra. De lo único que estaba apercibida la recurrente, por virtud del Art. 12

de la Ley de Tercería, 32 L.P.R.A. sec. 1182, era que de no comparecer se habría de dictar sentencia "declarando a la tercerista dueña del vehículo Dodge." La Regla 44.3 de Procedimiento Civil que trata de las sentencias en rebeldía dispone:

"Toda sentencia concederá el remedio a que tenga derecho la parte a cuyo favor se dicte, aún cuando ésta no haya solicitado tal remedio en sus alegaciones; *sin embargo, una sentencia en rebeldía no será de naturaleza distinta ni excederá en cuantía a lo que se haya pedido en la solicitud de sentencia."* (Énfasis suplido.)

En este caso no sólo se dictó una Resolución, la que para todos fines tiene el efecto de una sentencia, de *naturaleza distinta* a la declaración de propiedad del automóvil que era el propósito que perseguía el procedimiento de tercería iniciado por la tercerista, sino que se incluyeron unos conceptos o partidas de daños que ni tan siquiera se informaron en la moción informativa de la tercerista. Allí se informó sólo sobre ciertos desperfectos que aparecieron en el automóvil. Pero la Resolución concede por concepto de daños, en adición a los desperfectos, $275.00 por "gastos para levantar el embargo y minimizar los daños, incluyendo gestiones, honorarios de abogado y fianza"; $50.00 por "costo de otra transportación durante el tiempo en que el vehículo estuvo embargado y fue reparado", más $125.00 por "las costas, gastos y honorarios de abogado del tercerista en este procedimiento."

Tales remedios adicionales no podían concederse contra la parte en rebeldía en ausencia de notificación a la otra parte en la forma dispuesta en la Regla 4 para diligenciar emplazamientos. ([6]) Esto no se hizo en este caso.

---

([6]) La Regla 67.1 de Procedimiento Civil dispone:

"Toda orden que de acuerdo con sus términos deba ser notificada, toda alegación subsiguiente a la demanda original, a menos que el tribunal ordenare otra cosa debido al número de demandados, y toda moción escrita que no pueda ser oída ex parte, se notificarán a cada una de las partes afectadas por las mismas. No será necesario notificar a las partes en

*Se modificará la Resolución y Orden objeto de este recurso en el sentido de dejar en vigor "solamente" la adjudicación en torno a la propiedad del vehículo objeto de la tercería, eliminándose todos aquellos pronunciamientos relativos a la concesión de daños y la condena en honorarios de abogado en la apelación tramitada ante el Tribunal Superior.*

rebeldía por falta de comparecencia, excepto que las alegaciones en que se soliciten remedios nuevos o adicionales contra dichas partes en rebeldía se les notificarán en la forma dispuesta en la Regla 4 para diligenciar emplazamientos."