MISIÓN INDUSTRIAL DE PUERTO RICO, INC., COMITÉ DEFENSORES DE LA SALUD DE LA COMUNIDAD RÍO ARRIBA, NILDA MALDONADO MEDINA, MARÍA OLIVERO, CÉSAR TORRERA, JUAN VILELLA y COMITÉ EN DEFENSAS DEL AMBIENTE DE ARECIBO, recurridos, *v.* JUNTA DE PLANIFICACIÓN DE PUERTO RICO y AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS, peticionarios.

*Número:* CC-97-335          *Resuelto:* 30 de junio de 1997

*Carlos Lugo Fiol, Procurador General,* abogado de la parte peticionaria; *Pedro Sadee Llorens, Pedro Varela Fernández* y *Juan Santiago Nieves,* abogados de la parte recurrida.

— 0 —

Voto disidente emitido por el Juez Asociado Señor Fuster Berlingeri.

El recurso ante nos en el caso de autos presenta cuestiones fundamentales sobre la jurisdicción de este Tribunal y sobre nuestra autoridad constitucional.

Por un lado, con el recurso presentado por la Autoridad de Acueductos y Alcantarillados (en adelante A.A.A.) se pretende que revisemos, por ser supuestamente erróneo, el dictamen del Tribunal de Circuito de Apelaciones, mediante el cual ese foro apelativo ordenó paralizar las obras del Superacueducto de la Costa Norte (en adelante Superacueducto).

Tal recurso, según redactado y presentado ante nos, tenía un cariz de *patente frivolidad.* Bien sabe, o debía saber, la representación legal de la A.A.A. que este Tribunal *carece de jurisdicción* para atender asuntos que se hayan tornado *académicos.* Bien sabe, o debía saber, que este Foro no puede intervenir en una cuestión *si el remedio que pudiésemos dictar en ella no* ha de tener ningún efecto real en

cuanto a esa cuestión. *C.E.E. v. Depto. de Estado*, 134 D.P.R. 927 (1993). Los tribunales no tienen la facultad para emitir meras opiniones consultivas, no importa quién las pida. Existimos sólo para resolver controversias jurídicas vivas y actuales.

En este caso, al momento en que se presentó el recurso de la A.A.A., lo que podíamos decidir sobre el referido dictamen del Tribunal de Circuito de Apelaciones no habría de tener ningún efecto real. Daba lo mismo que decidiéramos que el dictamen de ese tribunal fue correcto, como que decidiéramos que ese tribunal erró en su dictamen. Ello era así, porque ninguna decisión nuestra, con respecto a tal recurso por sí solo, podía alterar el hecho de que las obras del Superacueducto se han reiniciado ya, en virtud de la recién aprobada Ley Núm. 19 de 12 de junio de 1997 (22 L.P.R.A. secs. 451–456), que ordena continuar con la construcción del Superacueducto, a pesar de lo dictaminado por el Tribunal de Circuito de Apelaciones. La A.A.A. no discute dicha ley en su recurso, pero como está en vigor, y al momento en que la A.A.A. presentó su recurso se presumía que ésta era válida,([1]) no había nada que resolver ya en cuanto al dictamen del foro apelativo. El asunto de si ese foro actuó correctamente o no tenía carácter de académico. En Derecho es claro que no teníamos autoridad al amparo de la Constitución para considerar el asunto particular que nos planteaba la A.A.A. en su recurso.

Sin embargo, después que la A.A.A. presentó su recurso de *certiorari*, la parte contraria en este pleito, Misión Industrial, también compareció ante nos y, entre otras cosas, impugnó la constitucionalidad de la referida Ley Núm. 19. Ha planteado ante nos que dicha ley no es válida.

El planteamiento de Misión Industrial le ha dado un potencial de actualidad al recurso de la A.A.A. Lo que era una solicitud frívola, sobre la cual no teníamos jurisdic-

---

([1]) Las leyes se presumen válidas hasta tanto este Tribunal resuelva lo contrario en un procedimiento adecuado para ello. *Cerame-Vivas v. Srio. de Salud*, 99 D.P.R. 45 (1970); *Esso Standard Oil v. A.P.P.R.*, 95 D.P.R. 772 (1968).

ción, ahora puede convertirse en un asunto justiciable. Si en efecto tuviese razón Misión Industrial, en cuanto a que la Ley Núm. 19, *supra*, es inconstitucional, entonces el mandato de esa ley de que continúen las obras del Superacueducto sería nulo. Por ello, procedería entonces que atendiésemos la solicitud de la A.A.A., de revisar el dictamen del foro apelativo de paralizar dichas obras, que todavía tendría vigencia.

En resumen, pues, tomados conjuntamente los planteamientos de la A.A.A. y de Misión Industrial, está en orden que expidamos el recurso de *certiorari* de la A.A.A. y que procedamos a considerar la constitucionalidad de la Ley Núm. 19, *supra*. Si determinamos que esa ley es válida, tendríamos que denegar la revisión del dictamen del foro apelativo, por haberse tornado académico dicho dictamen. Si, por el contrario, resolvemos que esa ley es inconstitucional, tendríamos entonces que considerar si el foro apelativo erró en su dictamen.

En vista de lo anterior, no estoy de acuerdo con la orden emitida por una mayoría del Tribunal. La referida orden de mostrar causa sólo *da lugar a una innecesaria dilación de este caso*. Lo procedente es expedir el recurso de una vez y pasar de inmediato a resolver el asunto de la constitucionalidad de la ley en cuestión, luego de que las partes hayan sometido sus alegatos respectivos. Este caso tiene una obvia urgencia, que exige proceder con él de la manera más expedita posible.

Existe otra razón, *aún más fundamental*, que me lleva a disentir de lo acordado por la mayoría. En el ejercicio de nuestra jurisdicción auxiliar, y conforme a lo dispuesto en la Regla 20(m) de nuestro Reglamento, 4 L.P.R.A. Ap. XXI-A, en vista de que lo que está en cuestión ante nos es una orden de desistir del foro apelativo, *no procede que se suspendan los efectos de la sentencia de ese tribunal*, de la cual la A.A.A. recurre. Es decir, este Foro *ha debido ordenar la paralización de las obras del Superacueducto hasta tanto determinemos si es constitucional la Ley Núm. 19*, supra.

Estoy plenamente consciente de que la Ley Núm. 19, *supra*, prohíbe la paralización judicial de las obras del Superacueducto. Pero resulta que como se ha impugnado precisamente la validez de esa ley, la prohibición referida no puede ser efectiva hasta tanto este Foro determine si es válida o no. La facultad de determinar finalmente la constitucionalidad de las leyes le compete a este Tribunal, y como se trata de una función que nos da directamente la Constitución del Estado Libre Asociado de Puerto Rico, ninguna ley puede privarnos de esa facultad en ningún momento, ni coartarnos el libre ejercicio de dicha facultad.

Nuestra facultad para decidir la constitucionalidad de las leyes incluye la autoridad para asegurar que nuestros dictámenes sean efectivos. Es decir, cuando consideramos la constitucionalidad de una ley, en auxilio de nuestra jurisdicción, tenemos la facultad de tomar las medidas necesarias para asegurar que el dictamen que se emita no resulte en balde o sea académico.[2]

En este caso, si llegáramos a decidir que la citada Ley Núm. 19 es inconstitucional, *lo que se haya construido del Superacueducto sería ilegal*. Si no detenemos las obras ahora, lo que se haya construido hasta que resolvamos el asunto podría estar *irremediablemente perdido*. Nadie le devolvería al país los millones de dólares gastados ilegalmente, por lo que nuestra decisión de inconstitucionalidad sería parcialmente inútil. Nuestra decisión de inconstitucionalidad no habría evitado un grave e ilícito dispendio de fondos públicos. Por ello, para asegurar que nuestra autoridad constitucional no sea una mera quimera, para evitar que una posible decisión nuestra sólo tenga efectos limitados, este Tribunal ha debido ordenar la paralización de las obras, en lo que resolvemos la cuestión de si la Ley Núm. 19, *supra*, es constitucional o no.

Como la mayoría opta por otro curso de acción, disiento.

---

[2] Véase, además, el Art. 3 de la llamada Ley *Antiinjunction*, 32 L.P.R.A. sec. 3524.