# 2003 DTA 110

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL I DE SAN JUAN**
**PANEL II**

RECINTO DE CIENCIAS MEDICAS
Apelante-Recurrido

v.

MANUEL TORRES PERALTA
Apelado-Recurrente

Núm. KLRA-2003-00003

San Juan, Puerto Rico, a 30 de junio de 2003

Panel compuesto por su Presidenta, la Juez Rodríguez de Oronoz,
y las Juezas Peñagarícano Soler y Bajandas Vélez

Peñagarícano Soler, Jueza Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

Comparece ante nos, Manuel Torres Peralta (en adelante, Sr. Torres), mediante auto de Revisión presentado

el 2 de enero de 2003. Solicita revisemos la Resolución emitida por la Junta de Síndicos de la Universidad de Puerto Rico (en adelante, la Junta), la cual fue notificada el 2 de diciembre de 2002. En la misma, la Junta declaró con lugar la apelación presentada por el Recinto de Ciencias Médicas (en adelante, RCM), desestimando así la apelación 00-09-JA que presentara el recurrente. Examinados detenidamente, y en su totalidad, los autos del caso, así como el derecho aplicable, resolvemos confirmar la Resolución de autos.

# I

Desde septiembre de 1992, el Sr. Torres ocupa el puesto de Analista de Presupuesto III en el RCM de la Universidad de Puerto Rico. El 18 de febrero de 1994, el Sr. Torres presentó ante la Junta de Apelaciones de Personal No Docente (en adelante, JAPND), un escrito impugnando el nombramiento del Sr. Elmo Alvarez Ramos, (en adelante, Sr. Alvarez) ██ como Analista de Presupuesto III. El 4 de octubre de 1994, la JAPND le ordenó al Sr. Torres que ampliara su escrito apelativo, fundamentando entre otras cosas, la forma en que los alegados hechos menoscabaron sus derechos. ██ A este caso se le asignó el número 94-05-JA. El 1ro. de noviembre de 1994, el Sr. Torres presentó su apelación enmendada. En este escrito, el Sr. Torres arguyó, entre otras cosas, que el nombramiento del Sr. Alvarez no le permitió competir en iguales condiciones, además de que la información relativa al reclutamiento del Sr. Alvarez se encubrió afectando así sus derechos. ██

El 25 de octubre de 1995, el RCM contestó la apelación enmendada. Así las cosas, en diciembre de 1998, las partes suscribieron una Estipulación por la cual el Sr. Torres desistió de la impugnación del nombramiento al Sr. Alvarez. El 9 de junio de 1999, la JAPND emitió una *Decisión y Orden* por la cual ordenó el archivo de la Apelación 94-05-JA. Lo anterior, luego de *"[c]onsiderada la totalidad del expediente en el presente caso, en particular la Estipulación suscrita por las partes en diciembre de 1998,..."*. ██ El 8 de julio de 1999, el Sr. Torres presentó una *Moción en Cumplimiento de Orden*. ██ El 8 de octubre de 1999, la JAPND emitió Resolución, convirtiendo el caso 94-05-JA a una *"...apelación sobre reclamación de paga por diferencial...."* ██ El 24 de abril de 2001, se llevó a cabo una vista sobre el estado de los procedimientos del caso 00-09-JA. ██ Posterior a la misma, la JAPND emitió una Resolución por la cual ordenó al RCM expresarse en torno a las alegaciones de discrimen por ideas políticas, así como de igual paga por igual trabajo que levantara el Sr. Torres. El 20 de junio de 2001, el RCM acudió en apelación de la aludida Resolución ante la Junta. ██ El 18 de enero de 2002, la oficial examinadora designada al caso, dictó una orden de mostrar causa al RCM. El 26 de enero de 2002, el RCM presentó una moción en la que reiteró su solicitud de desestimación del caso 00-09-JA. [9]

Así las cosas, el 2 de abril de 2002, el Sr. Torres presentó ante la Junta su escrito en contestación de la apelación que presentara el RCM. ██ El 23 de abril de 2002, la oficial examinadora solicitó se elevara el expediente administrativo referente al caso 94-05-JA. ██ El 2 de diciembre de 2002, se notificó la decisión de la Junta por la cual acogió el informe de la oficial examinadora, declarando con lugar la apelación del RCM y desestimando, en consecuencia, la apelación 00-09-JA que instara el Sr. Torres.

Inconforme con esta determinación, el Sr. Torres acude ante nos mediante solicitud de revisión presentada el 2 de enero de 2003, indicando los siguientes señalamientos de error:

*"a. Erró la Honorable Junta de Síndicos de la Universidad de Puerto Rico al haber optado por resolver una controversia interlocutoria sin poseer jurisdicción para dilucidar la misma.*

*b. Erró la Honorable Junta de Síndicos de la Universidad de Puerto Rico al resolver que procedía la aplicación a los hechos de este caso la doctrina de cosa juzgada en su modalidad de fraccionamiento de causas.*

*c. Erró la Honorable Junta de Síndicos de la Universidad de Puerto Rico al desestimar la reclamación salarial del recurrente sin haber considerado que la retribución salarial asignada para crear una plaza que*

*pasó a ocupar el Sr. Elmo Alvarez Ramos fue realizada de manera ilegal al haberse realizado la misma mediante la asignación de fondos que no eran parte del presupuesto asignado al Recinto de Ciencias Médicas y que se violentó el principio de mérito y principio de retribución uniforme."*

El 3 de febrero de 2003 emitimos Resolución por la cual concedimos al RCM el término de treinta (30) días para que fijase su posición en torno al escrito de autos. El 4 de marzo de 2003, la parte recurrida presentó una *Moción en Solicitud de Prórroga.* Mediante Resolución emitida el 11 de marzo de 2003, concedimos la misma acorde a lo solicitado. Así pues, el 17 de marzo de 2003, el RCM presentó su escrito en oposición a la solicitud de revisión administrativa. Veamos.

## II

*"El alcance de la revisión judicial comprende tres áreas. Ellas son: (1) Concesión del remedio apropiado, (2) Revisión de las determinaciones de hechos conforme al criterio de la evidencia sustancial, y (3) Revisión completa y absoluta de las conclusiones de derecho."* Fernández Quiñones, *Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme,* 2da. Ed., Bogotá, Forum, 2001, pág. 534. Asimismo, el tribunal revisor deberá precisar si las actuaciones de la agencia son acordes al poder que le fuera delegado por ley; así se determinará si la actuación fue *ultra vires. Puerto Rico Telephone Company v. Junta Reglamentadora de Telecomunicaciones de Puerto Rico,* **2000 J.T.S. 98**. (Citas omitidas).

El expediente de la agencia constituirá la base exclusiva para la acción de la agencia en un procedimiento adjudicativo y para la revisión judicial ulterior. Ley de Procedimiento Administrativo Uniforme (LPAU), Ley Núm. 170 de 12 de agosto de 1988, 3 L.P.R.A. sec. 2168. *"Al evaluar la decisión de una agencia, el tribunal debe determinar si ésta actuó de manera arbitraria, ilegal o tan irrazonable que sus actuaciones constituyeron un abuso de discreción." Municipio de San Juan v. J.C.A. y otros,* **99 J.T.S. 152**, citando a *Fuertes v. A.R.P.E.,* 134 D.P.R. 947 (1993). Véase, además, *Municipio de San Juan v. Junta de Calidad Ambiental,* **2000 J.T.S. 193**; *T-JAC v. Caguas Centrum Limited,* **99 J.T.S. 60**; *Rivera v. A & C Development Corp.,* 144 D.P.R. 450 (1997); *Agosto v. Fondo del Seguro del Estado,* 132 D.P.R. 866 (1993). Para que el tribunal revisor se encuentre en posición de analizar la determinación tomada por el organismo administrativo, es imprescindible que las agencias acojan determinaciones de hechos y de derecho. 

El Tribunal Supremo de Puerto Rico ha manifestado en reiteradas ocasiones que las determinaciones de hechos adoptadas por la agencia serán sostenidas por los tribunales de estar éstas basadas en evidencia sustancial. Se considera la evidencia sustancial como aquella evidencia que *"una mente razonable pueda aceptar como adecuada para sostener una conclusión". Asoc. de Vecinos Hosp. San Jorge v. United Medical Corp.,* **2002 J.T.S. 21**, a la pág. 561; *Ramírez v. Departamento de Salud,* **99 J.T.S. 47**; *Associated Insurance Agencies, Inc. v. Comisionado de Seguros de P.R.,* 144 D.P.R. 425 (1997).

Predicado en ello, los tribunales están compelidos a no intervenir con las determinaciones de hechos tomadas por la agencia administrativa de hallarse fundamentadas en prueba que surge del récord administrativo. *OEG v. Rodríguez Martínez,* **2003 J.T.S. 51**; *Puerto Rico Telephone Company v. Junta Reglamentadora de Telecomunicaciones de Puerto Rico, supra; Costa Wood, et al. v. Caguas Expressway Motors, Inc.,* **2000 J.T.S. 11**; *Asoc. de Vecinos Hosp. San Jorge v. United Medical Corp., supra; T-JAC, Inc. v. Caguas Centrum, supra; Misión Industrial de P.R. v. J.P. y A.A.A.,* 143 D.P.R. 804 (1997).

Lo anterior responde a la intención legislativa de revestir a las determinaciones realizadas por las agencias, con un velo de corrección y legitimidad. Por ello, es ampliamente conocido que las actuaciones de las agencias administrativas gozan de la mas dilatada deferencia. No obstante, la deferencia no ha de ser óbice para la revisión en aquellos casos donde la misma menoscabe derechos de índole fundamental, o sea irrazonable. *Costa Wood, et al. v. Caguas Expressway Motors, Inc., supra; Reinaldo Castillo Camacho v. Dpto. del Trabajo,* **2000 J.T.S. 154.** 

Habida cuenta de ello, recientemente, el Tribunal Supremo de Puerto Rico expresó en torno a las determinaciones de hechos, que:

*"...cuando una parte alega haber sido afectada por una determinación de hecho de una agencia, tendrá que demostrar que en el expediente administrativo existe otra prueba que reduce o menoscaba el valor probatorio de la evidencia impugnada, hasta tal punto que no pueda concluirse que la determinación de la agencia, fue razonable a la luz de la totalidad de la prueba que tuvo ante su consideración...Si por el contrario, la parte afectada no demuestra la existencia de esa otra prueba, las determinaciones de la agencia deberán sostenerse por el tribunal revisor....".* OEG v. Rodríguez Martínez, supra, a la pág. 795. Bastardillas nuestras y citas omitidas.

Así, pues, le corresponde a la parte inconforme con las referidas determinaciones, probar la existencia en el expediente de prueba que disminuya o desacredite el valor probatorio de la evidencia impugnada. La prueba ofrecida deberá desfavorecer la presunción de que la determinación del organismo administrativo se desprende de la totalidad de la prueba que éste tuvo ante su consideración. *Ramírez v. Departamento de Salud, supra; Chase Manhattan Bank v. Emmanuelli Bauzá*, 111 D.P.R. 708 (1981). Acorde a lo anterior, la parte que objete las determinaciones de hechos emitidas por una agencia administrativa deberá acreditar que el organismo actuó de manera arbitraria, caprichosa o en patente menoscabo a derechos fundamentales. *Maisonet v. Fondo del Seguro del Estado*, 142 D.P.R. 194 (1996); *Henríquez v. Consejo de Educación Superior,* 120 D.P.R. 194 (1987).

El criterio rector para los tribunales será la razonabilidad en la actuación de la agencia recurrida. Así pues, al realizar su función revisora, el tribunal está compelido a considerar la especialización y experiencia de la agencia sobre las cuestiones que tuviera ante sí. Por tanto, en el descargo de su función deberá caracterizar entre asuntos de discernimiento estatutario o cuestiones de especialización administrativa. No obstante, la deferencia reconocida no equivale a la renuncia de la función revisora del Tribunal en instancias apropiadas y meritorias, como resulta ser cuando el organismo administrativo ha errado en la aplicación de la ley. *Reyes Salcedo v. Policía de P.R., supra; Rodríguez v. Comisión Industrial;* 99 D.P.R. 368 (1970).

Según expuesto en *Adorno Quiles v. Hernández*, 126 D.P.R. 191 (1990), a la pág. 195, *"[...] al evaluar los casos es necesario distinguir entre cuestiones de interpretación estatutaria, en la que los tribunales son especialistas, y cuestiones propias para la discreción o pericia administrativa." Quiñones v. San Rafael Estates, S.E.,* 143 D.P.R. 756 (1997); *Alvarez v. Junta de Directores, Con. Villa Caparra,* 140 D.P.R. 763 (1996); *Fuertes v. A.R.P.E., supra.*

En tanto, con respecto de las determinaciones de derecho, el Tribunal Supremo de Puerto Rico pronunció:

*"Las conclusiones de derecho de la agencia, distinto de las determinaciones de hechos, pueden ser revisadas 'en todos sus aspectos por el tribunal', LPAU, sec. 4.5, 3 L.P.R.A. § 2175 (1992), sin sujeción a norma o criterio alguno. Véase, Miranda v. Comisión Estatal de Elecciones, ante. Esto no significa, sin embargo, que al ejercer su función revisora, el tribunal pueda descartar libremente las conclusiones e interpretaciones de la agencia, sustituyendo el criterio de ésta por el propio. Al contrario, hemos reiterado consistentemente -antes y después de la vigencia de la LPAU- que, de ordinario, los tribunales deben deferencia a las interpretaciones y conclusiones de los organismos administrativos".* Puerto Rico Telephone Company v. Junta Reglamentadora de Telecomunicaciones de Puerto Rico, supra, a la pág. 1266. (Citas omitidas)

Finalmente, el foro judicial podrá sustituir el criterio del organismo administrativo por el propio, sólo en aquellas ocasiones que no encuentre una base racional que fundamente la actuación administrativa. No obstante, es axioma judicial que ante la prueba pericial y documental, el tribunal revisor se encuentra en igual

posición que el foro recurrido y, por tanto, está facultado para apreciar la prueba apoyándose en su propio criterio. *Dye-Tex de P.R. v. Royal Ins. Co.,* 2000 J.T.S. 67; *Rodríguez Roldán v. Municipio de Caguas,* 133 D. P.R. 694 (1993).

Habiendo examinado el derecho aplicable, así como los escritos de las partes, estamos en posición de resolver. Así lo hacemos.

## III

El recurrente expone que la sección 5.2 de la Certificación núm. 138, según enmendada por la Certificación núm. 83, no confiere jurisdicción a la Junta de manera expresa. A base de ello, postula que la Junta estaba impedida de atender la apelación del RCM. La sección 5.2 del *Reglamento Sobre Procedimientos Apelativos Administrativos de la Universidad de Puerto Rico,* reza en lo pertinente:

*"Cualquier parte interesada que se considere adversamente afectada por una decisión emitida por el Presidente, la Junta Universitaria, la Junta de Retiro de la Universidad de Puerto Rico o la Junta de Apelaciones del Personal No Docente del Sistema Universitario, podrá radicar un escrito de apelación ante el Consejo de Educación Superior en el término máximo de treinta (30) días a partir de la fecha en que tal decisión le fue notificada por escrito."* ■

No empece ello, la sección 6.21 del aludido Reglamento establece que:

*"Sección 6.21 – Revisión de Resoluciones interlocutorias*

*Se podrá solicitar la revisión de cualquier resolución interlocutoria de una autoridad apelativa mediante la radicación de una solicitud escrita ante el funcionario u organismo universitario correspondiente. El escrito de solicitud se redactará de conformidad con lo dispuesto en la sección 6.2 de este Reglamento y se notificará a la otra parte y a la autoridad apelativa...".* ■

Sabido es que por razón de las consecuencias fatales que acarrean los términos de carácter jurisdiccional, la falta de jurisdicción se determinará sólo si está claramente dispuesto por ley. *Junta Directores v. Ramos,* 2002 J.T.S. 119; *Lagares v. E.L.A.,* 144 D.P.R. 601 (1997). En vista de ello, vemos que la sección 5.1 del mencionado Reglamento, según enmendada por la Certificación núm. 83 enuncia, a saber:

*"El Consejo entenderá y resolverá las apelaciones que interponga cualquier persona interesada que se considere adversamente afectada por una decisión o resolución emitida por el Presidente de la Universidad de Puerto Rico, la Junta Universitaria, la Junta de Retiro de la Universidad de Puerto Rico o la Junta de Apelaciones del Personal No Docente del Sistema Universitario."* ■

Del análisis a la antedicha disposición reglamentaria no es posible colegir que la misma prohíba la revisión de resoluciones interlocutorias por la Junta. Aún más, la citada sección 6.21 del Reglamento permite la revisión de resoluciones interlocutorias. El que no se confiera dentro de la sección 5.1 jurisdicción expresa, no significa que le esté vedada la misma. Igualmente, con respecto al término de cinco (5) días concedidos por la Junta al RCM para presentar la Orden apelada, determinamos que dentro de la flexibilidad que ha de caracterizar los procedimientos administrativos, la prórroga no es irrazonable. Por ende, no se cometió el primer error señalado.

## IV

Por razón de estar intrínsecamente relacionados, hemos de discutir en conjunto el segundo y tercer señalamiento de error.

El Código Civil de Puerto Rico, en su Art. 1204, enarbola que *"...[p]ara que la presunción de cosa juzgada*

*surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquél en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron....".* 31 L.P.R.A. sec. 3343. *Lausell Marxsuach v. Díaz de Yáñez,* 103 D.P.R. 533 (1975). Entre los propósitos de la doctrina de cosa juzgada se destaca *"...por un lado, el interés del Estado en que se le ponga fin a los litigios, que no se eternicen las cuestiones judiciales...y por otro lado, la deseabilidad de que no se someta en dos ocasiones a un ciudadano a las molestias que supone litigar la misma causa."* *Pérez v. Bauzá,* 83 D.P.R. 220 (1961), a la pág. 225.

*"El efecto de la doctrina de cosa juzgada, cuando ésta aplica, es que la sentencia dictada en un pleito anterior impide que se litiguen en un pleito posterior entre las mismas partes y sobre la misma causa de acción y cosas, las cuestiones ya litigadas y adjudicadas y aquéllas que pudieron haber sido litigadas y adjudicadas con propiedad en la acción anterior."* (Citas omitidas). *Pagán Hernández v. U.P.R.,* 107 D.P.R. 720 (1978), a la pág. 732; *Capó Sánchez v. Srio. de Hacienda,* 92 D.P.R. 837 (1965). Con respecto a la igualdad de causas, el Tribunal Supremo de Puerto Rico ha manifestado que *"[s]e constituye el requisito de identidad de causas 'cuando la nueva acción estuviera como embebida en la primera, o fuese consecuencia inseparable de la misma...'.* J.M. Manresa y Navarro, *Comentarios al Código Civil español, 6ta ed. Rev., Madrid, Ed. Reus, 1967, T. VIII, Vol. 2, págs. 303-304, citado con aprobación en Mercado Riera v. Mercado Riera, 100 D.P.R. 940, 951-952 (1972)....".* *Acevedo v. Western Digital Caribe, Inc.,* 140 D.P.R. 452 (1996), a la pág. 464.

Asimismo, sabido es, que la doctrina de cosa juzgada es de aplicación en los procedimientos administrativos en tres (3) escenarios: 1) aplicándose dentro de la misma agencia en cuanto a sus propias decisiones; 2) aplicándose interagencialmente; y 3) aplicándose entre agencias y los tribunales. *Pagán Hernández v. U.P.R., supra.* En fin, se ha señalado que la doctrina de cosa juzgada en el foro administrativo ha de depender de la naturaleza de la cuestión que se plantee en la esfera judicial. *Acevedo v. Western Digital Caribe, Inc., supra; Pagán Hernández v. U.P.R., supra.*

En tanto, la defensa de cosa juzgada en su aspecto de fraccionamiento de causa de acción es de aplicación como impedimento a toda reclamación posterior entre las mismas partes, sobre los mismos hechos neurálgicos, y sobre reclamaciones que pudieron haberse levantado y adjudicado con propiedad en un pleito anterior entre éstas. *Zambrana v. Tribunal Superior,* 100 D.P.R. 179 (1971); *Díaz Maldonado v. Lacot,* 123 D.P.R. 261 (1989); *Díaz v. Navieras de Puerto Rico, Inc.,* 118 D.P.R. 297 (1987); *Mercado Riera v. Mercado Riera,* 100 D.P.R. 940 (1972); *Isaac Sánchez v. Universal C.I.T. Credit,* 95 D.P.R. 372 (1967); *Capó Sánchez v. Srio. de Hacienda,* 92 D.P.R. 837 (1965).

Por razón de ello, *"...[u]n querellante debe exponer íntegramente su causa de acción en el pleito que radica. De no hacerlo así, no puede permitírsele luego que inicie una nueva acción por la parte que no incluyó, ya que la sentencia que pueda haberse dictado en el primer pleito es concluyente no sólo en cuanto a lo que efectivamente se litigó, sino también en cuanto a todas las reclamaciones que pudieron haberse determinado dentro del mismo....".* *Cruz v. Ortiz,* 82 D.P.R. 834 (1961), a la pág. 839. Veamos.

En el caso de marras, el recurrente presentó una apelación ante la JAPND (núm. 94-05-JA) en al cual adujo que el nombramiento del Sr. Alvarez fue uno ilegal y contrario al principio de mérito. Así las cosas, y luego de varios trámites procesales, el Sr. Torres suscribió una estipulación con el Sr. Alvarez por la cual desistió con perjuicio de la apelación núm. 94-05-JA ante la JAPND. Luego procedió a interponer una segunda apelación ante la JAPND por la cual reclamó un pago de diferencial, sosteniéndose en hechos idénticos a los que expusiera en la primera apelación. De igual forma, las partes en la segunda apelación, para todos los efectos, son las mismas, entiéndase, el Sr. Torres en contra del Recinto de Ciencias Médicas. Sin embargo, en esta ocasión, el Sr. Torres fundamentó su reclamo en el precepto constitucional de igual paga por igual trabajo, además de discrimen político. La parte recurrente se limita a argüir que no es de aplicación la doctrina de cosa juzgada, ya que no existe identidad de partes o de controversias. Esto, pues, argumenta que las partes en la

apelación núm. 94-05-JA y aquéllas en el caso núm. 00-09-JA, no son las mismas.

Se desprende de autos que en la apelación 94-05-JA, las partes concernidas lo fueron, el Sr. Torres y el RCM. En tanto, en el caso 00-09-JA, las partes igualmente lo son, el Sr. Torres y el RCM. Asimismo, el Sr. Torres argumenta que por razón de no haberse atendido su alegación de discrimen político e igual paga por igual trabajo, no hay identidad de controversias. No le asiste la razón.

El Tribunal Supremo de Puerto Rico, ha señalado en relación a la doctrina de cosa juzgada que *"...[u]n cambio en la teoría del caso, o el hecho de que se pretenda reclamar un derecho bajo una ley distinta, no afecta la aplicación de la doctrina...."*. *Díaz Maldonado v. Lacot, supra*, a la pág. 275. Lo cierto es que para poder hacer valer su reclamación en cuanto al diferencial, incluyendo sus alegaciones constitucionales, el Sr. Torres ha de apoyar y basar el mismo en los hechos que dieron vida a la apelación 94-05-JA. Resulta irrazonable, que el recurrente pueda probar su alegación de discrimen político y de igual paga por igual trabajo, sin intervenir con los hechos medulares de la apelación 94-05-JA. La segunda apelación se encuentra irremediablemente unida a la que, por volición del recurrente, fuera archivada con perjuicio por la JAPND.

Asimismo, y conforme a las expresiones del Tribunal Supremo de Puerto Rico, *"...hay que tomar en consideración y ponderar el principio normativo, tanto federal como estatal, que exige que las reclamaciones* ·· ·*se fraccionen al considerar como cosa juzgada no sólo lo que se litigó y adjudicó, sino también lo que se pu.... haber litigado y adjudicado...."*. *Díaz Maldonado v. Lacot, supra*, a la pág. 277. El recurrente pudo y debió haber levantado las alegaciones de discrimen político, así como igual paga por igual trabajo en su primera reclamación en contra del RCM. No lo hizo. Ello, inexorablemente y en atención a la norma consuetudinaria anteriormente citada, nos compele determinar que, efectivamente, nos hallamos ante una segunda apelación que se basa en hechos, partes y causas de intrínseca similitud con aquellas desistidas por el Sr. Torres mediante estipulación. ██ En tanto, las actuaciones de la JAPND al permitirle al recurrente la presentación de una segunda apelación, no obstante haber dictado Resolución desestimando con perjuicio la impugnación del nombramiento al Sr. Alvarez que éste hiciera, son contradictorias e irrazonables.

Por ello, nos resulta razonable la determinación de la Junta, ya que de permitirse la continuación de la segunda apelación interpuesta por el recurrente, se estarían efectivamente litigando y adjudicando asuntos que *pudieron y debieron* ser traídos en la primera apelación, allá para el año 1994. Del análisis al caso de autos, vemos que la Junta tuvo ante su consideración el expediente administrativo correspondiente a la apelación 94-05-JA. Asimismo, celebró una vista a la cual compareció el Sr. Torres pudiendo ofrecer su versión de los hechos.

Así, pues, la decisión del foro recurrido se apoya en evidencia sustancial con las debidas consideraciones de debido proceso de ley al recurrente. *OEG v. Rodríguez Martínez, supra.* No se cometieron el segundo y tercer error señalados.

## V

Por los fundamentos anteriormente expresados, se expide el auto de Revisión y se confirma la Resolución recurrida.

Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

# ESCOLIOS 2003 DTA 110

1. Véase, folio núm. 1 en Apéndice de autos.

2. Véase, folio núm. 3 en Apéndice de autos.

3. Véase, folio núm. 5 en Apéndice de autos.

4. Véase, folio núm. 3 en Apéndice de la parte recurrida.

5. Véase, folio núm. 13 en Apéndice de autos.

6. Véase, folio núm. 19 en Apéndice de autos.

7. Véase, folio núm. 26 en Apéndice de autos.

8. Véase, folio núm. 31 en Apéndice de autos.

9. Véase, folio núm. 40 en Apéndice de autos.

10. Véase, folio núm. 50 en Apéndice de autos. En igual fecha, éste presentó una contestación enmendada.

11. Véase, folio núm. 65 en Apéndice de autos.

12. *"[e]ntre los objetivos que se persigue para que los foros administrativos emitan determinaciones de hechos y conclusiones de derecho, podemos enumerar los siguientes: (1) proporcionar a los tribunales la oportunidad de revisar adecuadamente la decisión administrativa y facilitar esta tarea; (2) fomentar que la agencia adopte una decisión cuidadosa y razonada dentro de los parámetros de su autoridad y discreción; (3) ayudar a la parte afectada a entender porqué el organismo administrativo decidió como lo hizo, y al estar mejor informada, poder decidir si acude al foro judicial o acata la determinación; (4) promover la uniformidad intraagencial, en particular cuando el proceso decisorio institucional es adoptado por distintos miembros de un comité especial a quienes les está encomendado celebrar vistas y recibir la prueba; y (5) evitar que los tribunales se apropien en funciones que corresponden propiamente a las agencias administrativas bajo el concepto de especialización y destreza." Rivera Santiago v. Srio. de Hacienda,* 119 D.P.R. 265, 276-278 (1987), según citado en *Municipio de San Juan v. J.C.A. y otros, supra,* a la pág. 126.

13. *"El tribunal podrá conceder el remedio apropiado si determina que el peticionario tiene derecho a un remedio.*

 *Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.*

 *Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal".* Ley de Procedimiento Administrativo Uniforme, *supra,* sec. 2175.

14. *"No empece esta deferencia, la interpretación de la agencia no merece deferencia si la misma afecta derechos fundamentales, resultare irrazonable, o conduce a la comisión de injusticias. Comisionado de Seguros de Puerto Rico v. Antilles Insurance Company, res. El 2 de abril de 1998, 98 J.T.S. 38."* Según citado en *Costa Wood, et al. v. Caguas Expressway Motors, Inc., supra,* a la pág. 489.

15. *Reyes Salcedo v. Policía de P.R.,* 143 D.P.R. 85 (1997); *Murphy Bernabé v. Tribunal Superior,* 103 D.P.R. 692 (1975); *Quevedo Segarra v. J.A.C.L.,* 102 D.P.R. 87 (1974); *Rodríguez v. Comisión Industrial,* 99 D.P.R. 368 (1970); *Román v. Superintendente de la Policía,* 93 D.P.R. 685 (1966).

16. Véase, folio núm. 2, en el Apéndice de la parte recurrida.

17. Véase, folio núm. 109 en Apéndice de autos.

18. Véase, folio núm. 2 en Apéndice de la parte recurrida.

19. Precisa señalar que la estipulación y lo contenido en ella no ha sido impugnado por el recurrente, lo cual conlleva, en consecuencia, la aceptación de la misma.